Shari Amster (SA4936)
265 S. 21st Street
Philadelphia, Pennsylvania 19103
Tel.: 267.475.7401
samster@amsterlaw.net

Marc Durant – *pro hac vice*
James Mulcahy – *pro hac vice*
Kevin A. Adams – *pro hac vice*

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXLITE, INC., a New Jersey corporation, f/k/a SK AMERICA, INC., d/b/a/ MAXLITE, | Civil Action No. 2:15-CV-01116-SDW-SCM |
| Plaintiff, | DEFENDANT SOPHIA C. GALLEHER'S ANSWER AND AFFIRMATIVE DEFENSES |
| v. | |
| ATG ELECTRONICS, INC., JAMES D. STEEDLY, SOPHIA C. GALLEHER, and MATTHEW KIM, | |
| Defendants. | |

NOW COMES Defendant Sophia C. Galleher, by and through her attorneys, Shari Amster, Marc Durant, James M. Mulcahy and Kevin Adams, and responds to the Verified Complaint for Specific Performance filed by Plaintiff MaxLite, Inc. as follows:

## THE PARTIES

1. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

2. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

3. Defendant admits the allegations contained in this paragraph.

4. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

5. Defendant admits the allegations contained in this paragraph.

6. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

7. Defendant admits the allegations contained in this paragraph.

## JURISDICTION AND VENUE

8. Defendant denies the allegations in this paragraph. To the extent this paragraph states legal conclusions, no response is required.

9. Defendant denies the allegations in this paragraph. To the extent this paragraph states legal conclusions, no response is required.

## FACTUAL ALLEGATIONS

I.   **MAXLITE**

10. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

11. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

12. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

13. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

14. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

## II.  STEEDLY

15. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

16. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

17. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

18. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

19. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

20. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

21. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

22. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

23. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

24. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

25. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

26. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

27. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

28. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

29. Defendant denies the allegations in this paragraph.

30. Defendant denies the allegations in this paragraph.

31. Defendant denies the allegations in this paragraph.

32. Defendant denies the allegations in this paragraph.

33. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

34. Defendant denies the allegations in this paragraph.

35. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

36. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

37. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

38. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

39. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

### III.   GALLEHER

40. Defendant admits the allegations contained in this paragraph.

41. Defendant admits she was transferred to MaxLite's West Coast office in California in July 2014. Defendant denies all remaining allegations in this paragraph.

42. Defendant admits that before her transfer to MaxLite's West Coast office, Galleher was the employee primarily responsible for coordinating and updating LED market trends, new product development projects, new marketing strategies and MaxLite's national installation, utility rebates, and additional purchase incentives for customers. Defendant also admits she was involved in gathering information for legal matters, including intellectual property matters. Defendant denies all remaining allegations in this paragraph.

43. Defendant admits that she provided engineering analyst support, including cost competitive analysis, research and cost performance analysis of LED chips and vendors, and vendor communications; research and product development support, including testing, competitive research, and inventions support; general manager support, including new employee recruitment and hiring; facility expansion support, including business development support; certifications assistance; and project sales. Defendant denies all remaining allegations in this paragraph.

44. Defendant denies the allegations in this paragraph.

45. Defendant admits that her employment was conditioned upon her entering into a written Proprietary Information Agreement, dated May 22, 2012. Defendant denies all remaining allegations in this paragraph.

46. Defendant admits the parties entered into the Galleher Agreement. The Galleher Agreement speaks for itself.

47. Defendant denies the allegations in this paragraph.

48. Defendant admits the allegations contained in this paragraph.

49. Defendant admits she claimed her laptop was stolen. Defendant also admits she returned her computer to Plaintiff. Defendant denies all remaining allegations in this paragraph.

50. Defendant denies the allegations in this paragraph.

51. Defendant denies the allegations in this paragraph.

52. Defendant admits she works for ATG.  Defendant denies all remaining allegations in this paragraph.

53. Defendant denies the allegations in this paragraph.

54. Defendant denies the allegations in this paragraph.

55. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

56. Defendant denies the allegations in this paragraph.

57. Defendant denies the allegations in this paragraph.

58. Defendant denies the allegations in this paragraph.

59. Defendant admits the allegations contained in this paragraph.

60. Defendant denies the allegations in this paragraph.

IV. **KIM**

61. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

62. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

63. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

64. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

65. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

66. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

67. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

68. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

69. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

70. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

71. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

72. Defendant denies the allegations in this paragraph.

73. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

74. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

75. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

76. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

77. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

78. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

**V.   ATG**

79. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

80. Defendant denies the allegations in this paragraph.

81. Defendant denies the allegations in this paragraph.

82. Defendant denies the allegations in this paragraph.

83. Defendant denies the allegations in this paragraph.

84. Defendant denies the allegations in this paragraph.

85. Defendant denies the allegations in this paragraph.

86. Defendant denies the allegations in this paragraph.

87. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

88. Defendant denies the allegations in this paragraph.

89. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

90. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

## COUNT ONE
### Breach of Contract

91. Defendant realleges its responses to paragraphs 1 through 90 above in response to this paragraph.

92. Defendant denies the allegations in this paragraph.

93. Defendant denies the allegations in this paragraph.

## COUNT TWO
### Breach of Implied Covenant of Good Faith and Fair Dealing

94. Defendant realleges its responses to paragraphs 1 through 93 above in response to this paragraph.

95. Defendant denies the allegations in this paragraph. To the extent this paragraph states legal conclusions, no response is required.

96. Defendant denies the allegations in this paragraph.

## COUNT THREE
### Conversion and Misappropriation

97. Defendant realleges its responses to paragraphs 1 through 96 above in response to this paragraph.

98. Defendant denies the allegations in this paragraph.

99. Defendant denies the allegations in this paragraph.

100. Defendant denies the allegations in this paragraph.

101. Defendant denies the allegations in this paragraph.

## COUNT FOUR

### Unfair Competition/Breach of the Duty of Loyalty

102. Defendant realleges its responses to paragraphs 1 through 101 above in response to this paragraph.

103. Defendant denies the allegations in this paragraph.  To the extent this paragraph states legal conclusions, no response is required.

104. Defendant denies the allegations in this paragraph.

105. Defendant denies the allegations in this paragraph.  To the extent this paragraph states legal conclusions, no response is required.

106. Defendant denies the allegations in this paragraph.

107. Defendant denies the allegations in this paragraph.

108. Defendant denies the allegations in this paragraph.

## COUNT FIVE

### Tortious Interference of Contractual Relationships

109. Defendant realleges its responses to paragraphs 1 through 108 above in response to this paragraph.

110. Defendant denies the allegations in this paragraph.  To the extent this paragraph states legal conclusions, no response is required.

111. Defendant denies the allegations in this paragraph.

112. Defendant denies the allegations in this paragraph.

113. Defendant denies the allegations in this paragraph.

114. Defendant denies the allegations in this paragraph.

## COUNT SIX

### Tortious Interference of Present and Prospective Business Advantage

115. Defendant realleges its responses to paragraphs 1 through 114 above in response to this paragraph.

116. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

117. Defendant denies the allegations in this paragraph.

118. Defendant denies the allegations in this paragraph.

119. Defendant denies the allegations in this paragraph.

## COUNT SEVEN

### Civil Conspiracy

120. Defendant realleges its responses to paragraphs 1 through 119 above in response to this paragraph.

121. Defendant denies the allegations in this paragraph.  To the extent this paragraph states legal conclusions, no response is required.

122. Defendant denies the allegations in this paragraph.

123. Defendant denies the allegations in this paragraph.

124. Defendant denies the allegations in this paragraph.

125. Defendant denies the allegations in this paragraph.

## COUNT SEVEN

### Unjust Enrichment

126. Defendant realleges its responses to paragraphs 1 through 125 above in response to this paragraph.

127. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

128. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

129. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

130. Defendant denies any and all factual allegations of the Complaint not expressly admitted herein.  Defendant denies any allegation not specifically admitted and demands strict proof herein.  Defendant further denies that Plaintiff is entitled to any and all of the

relief requested.  Defendant respectfully requests that Plaintiff's request for judgment and any damages be denied, Defendant be awarded attorneys' fees and fees incurred in defending Plaintiff's Complaint, and Defendant be granted such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses without prejudice to his right to modify or withdraw any defense and/or assert additional defenses subject to information obtained through the formal discovery process in this case or as information becomes available.

### First affirmative defense
(Failure to State a Claim)

The Complaint, and each and every such claim for relief, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### Second affirmative defense
(Forum Non Conveniens)

This action is barred by forum non conveniens, comity, and/or international abstention.

### Third affirmative defense
(Lacks Personal Jurisdiction)

The Court lacks personal jurisdiction over Defendant.

### Fourth affirmative defense
(Laches)

This action is barred by laches as Plaintiff unreasonably delayed in pursuing this action, an action which intends to terminate Defendant's employ, till many months after Defendant left her position with MaxLite to go to ATG.

### Fifth affirmative defense
(Waiver)

Plaintiff's claims in regard to enforcing the employment contract are waived as

Plaintiff did not commit any actions consistent with enforcing these rights when Defendant left Plaintiff's employ.

### Sixth affirmative defense

(Estoppel)

Plaintiff's claims in regard to enforcing the employment contract are estopped as Plaintiff did not commit any actions consistent with enforcing these rights when Defendant left Plaintiff's employ.

### Seventh affirmative defense

(Unjust Enrichment)

Plaintiff's claim to obtain wages paid would unjustly enrich Plaintiff as Plaintiff already received labor and other benefits through its employment of Defendant.

### Eighth affirmative defense

(Illegality)

Plaintiff's claims are barred by California Business and Professions Code § 16600 which provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

### Ninth affirmative defense

(Unenforceable)

Plaintiff's claims based on post-employment restraints are barred as such restraints are unenforceable under New Jersey law.  New Jersey law only finds restrictive covenants enforceable where reasonable in light of the totality of the circumstances. *Nat'l Reprographics, Inc. v. Strom*, 621 F. Supp. 2d 204, 222 (D.N.J. 2008).  As the restrictions here are not necessary to protect Plaintiff's interests and would cause undue hardship to Defendant, they are unenforceable.  *A.T. Hudson & Co. v. Donovan*, 216 N.J. Super. 426, 432, 524 A.2d 412 (App. Div. 1987).

### Tenth affirmative defense

(Mootness)

Plaintiff's claims are moot as Defendant commenced employment with ATG in

October 2014 and has been so employed ever since.

## Eleventh affirmative defense

(Failure to Mitigate)

Plaintiff has failed to mitigate or exercise reasonable care and diligence to avoid loss and minimize damages, and therefore, may not recover losses that could have been prevented by reasonable efforts on Plaintiff's part or by expenditures that might reasonably have been made.

## Twelfth affirmative defense

(Consent)

Plaintiff's claims are barred from recovery by virtue of its consent to the alleged conduct of Defendant and others.

## Thirteenth affirmative defense

(Assumption of Risk)

Plaintiff expressly, voluntarily and knowingly assumed all risks about which it now complains, and, therefore, Plaintiff's claims and damages, if any, are barred or reduced to the extent of said assumption of risk.

## Fourteenth affirmative defense

(Uncertainty)

The Complaint does not describe the claims against Defendant with sufficient particularity and certainty to enable Defendant to determine what its defenses may be. Defendant reserves the right to assert all defenses that may be pertinent to or arise from Plaintiff's claims against it when their precise nature is ascertained.

## Fifteenth affirmative defense

(Standing)

Defendant's Proprietary Information Agreement is with SK America, Inc. and Plaintiff lacks standing to enforce this Agreement.

## Sixteenth affirmative defense

(Adequate Legal Remedy)

     Plaintiff's claims are barred for equitable relief because Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

Dated:  May 20, 2015

                                  Respectfully Submitted,


                                  By:  /s/  Shari Amster
                                       Shari Amster

Of Counsel:

Marc Durant, Esquire
Durant & Durant, LLC
325 Chestnut Street
Suite 1109
Philadelphia, PA 19106
mdurant@durantlaw.com
215.592.1818

James Mulcahy, Esquire
Kevin A. Adams, Esquire
Mulcahy LLP
4 Park Plaza,
Suite 1230
Irvine, CA 92614
Telephone: (949) 252-9377
jmulcahy@mulcahyllp.com
kadams@mulcahyllp.com