Shari Amster (SA4936)
265 S. 21st Street
Philadelphia, Pennsylvania 19103
Tel.: 267.475.7401
samster@amsterlaw.net

Marc Durant – *pro hac vice*
James Mulcahy – *pro hac vice*
Kevin A. Adams – *pro hac vice*

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXLITE, INC., a New Jersey corporation, f/k/a SK AMERICA, INC., d/b/a/ MAXLITE, | Civil Action No. 2:15-CV-01116-SDW-SCM |
| Plaintiff, | DEFENDANT JAMES D. STEEDLY'S ANSWER AND AFFIRMATIVE DEFENSES |
| v. | |
| ATG ELECTRONICS, INC., JAMES D. STEEDLY, SOPHIA C. GALLEHER, and MATTHEW KIM, | |
| Defendants. | |

NOW COMES Defendant James D. Steedly, by and through his attorneys, Shari Amster, Marc Durant, James M. Mulcahy and Kevin Adams, and responds to the Verified Complaint for Specific Performance filed by Plaintiff MaxLite, Inc. as follows:

## THE PARTIES

1. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

2. Defendant admits the allegations contained in this paragraph.

3. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

4. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

5. Defendant admits the allegations contained in this paragraph.

6. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

7. Defendant admits the allegations contained in this paragraph.

## JURISDICTION AND VENUE

8. Defendant denies the allegations in this paragraph.  To the extent this paragraph states legal conclusions, no response is required.

9. Defendant denies the allegations in this paragraph.  To the extent this paragraph states legal conclusions, no response is required.

## FACTUAL ALLEGATIONS

I.   **MAXLITE**

10. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

11. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

12. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

13. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

14. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

## II.  STEEDLY

15. Defendant admits he was hired by MaxLite as its Director of Engineering on or about September 25, 2009.  Defendant admits he managed LED technology and product designs at MaxLite.  Defendant denies all remaining allegations in this paragraph.

16. Defendant admits he worked for MaxLite at MaxLite's business headquarters, located in West Caldwell, New Jersey.  Defendant admits he was relocated to MaxLite's West Coast Office located at 1148 Ocean Circle, Anaheim, California 92806.  Defendant denies all remaining allegations in this paragraph.

17. Defendant denies the allegations in this paragraph.

18. Defendant admits that his employment was conditioned upon his entering into a written Proprietary Information Agreement, dated September 25, 2009.  Defendant denies all remaining allegations in this paragraph.

19. Defendant admits the parties entered into the Steedly Agreement.  The Steedly Agreement speaks for itself.

20. Defendant denies the allegations in this paragraph.

21. Defendant admits the allegations contained in this paragraph.

22. Defendant admits he returned a laptop and cellphone provided to him by MaxLite in connection with his employment.   Defendant denies all remaining allegations in this paragraph.

23. Defendant denies the allegations in this paragraph.

24. Defendant admits he is working for ATG.  Defendant denies all remaining allegations in this paragraph.

25. Defendant denies the allegations in this paragraph.

26. Defendant denies the allegations in this paragraph.

27. Defendant denies the allegations in this paragraph.

28. Defendant denies the allegations in this paragraph.

29. Defendant denies the allegations in this paragraph.

30. Defendant denies the allegations in this paragraph.

31. Defendant denies the allegations in this paragraph.

32. Defendant denies the allegations in this paragraph.

33. Defendant denies the allegations in this paragraph.

34. Defendant denies the allegations in this paragraph.

35. Defendant denies the allegations in this paragraph.

36. Defendant denies the allegations in this paragraph.

37. Defendant admits that he contacted Richard Holmes, owner of Holmes Energy & Lighting Products.  Defendant denies all remaining allegations in this paragraph.

38. Defendant admits the allegations contained in this paragraph.

39. Defendant denies the allegations in this paragraph.

## III.   GALLEHER

40. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

41. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

42. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

43. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

44. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

45. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

46. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

47. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

48. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

49. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

50. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

51. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

52. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

53. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

54. Defendant denies the allegations in this paragraph.

55. Defendant denies the allegations in this paragraph.

56. Defendant denies the allegations in this paragraph.

57. Defendant denies the allegations in this paragraph.

58. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

59. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

60. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

**IV.  KIM**

61. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

62. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

63. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

64. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

65. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

66. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

67. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

68. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

69. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

70. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

71. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

72. Defendant denies the allegations in this paragraph.

73. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

74. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

75. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

76. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

77. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

78. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

V.   ATG

79. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

80. Defendant denies the allegations in this paragraph.

81. Defendant denies the allegations in this paragraph.

82. Defendant denies the allegations in this paragraph.

83. Defendant denies the allegations in this paragraph.

84. Defendant denies the allegations in this paragraph.

85. Defendant denies the allegations in this paragraph.

86. Defendant denies the allegations in this paragraph.

87. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

88. Defendant denies the allegations in this paragraph.

89. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

90. These allegations are not made against Defendant.  Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

## COUNT ONE

### Breach of Contract

91. Defendant realleges its responses to paragraphs 1 through 90 above in response to this paragraph.

92. Defendant denies the allegations in this paragraph.

93. Defendant denies the allegations in this paragraph.

## COUNT TWO

### Breach of Implied Covenant of Good Faith and Fair Dealing

94. Defendant realleges its responses to paragraphs 1 through 93 above in response to this paragraph.

95. Defendant denies the allegations in this paragraph. To the extent this paragraph states legal conclusions, no response is required.

96. Defendant denies the allegations in this paragraph.

## COUNT THREE

### Conversion and Misappropriation

97. Defendant realleges its responses to paragraphs 1 through 96 above in response to this paragraph.

98. Defendant denies the allegations in this paragraph.

99. Defendant denies the allegations in this paragraph.

100. Defendant denies the allegations in this paragraph.

101. Defendant denies the allegations in this paragraph.

## COUNT FOUR

### Unfair Competition/Breach of the Duty of Loyalty

102. Defendant realleges its responses to paragraphs 1 through 101 above in response to this paragraph.

103. Defendant denies the allegations in this paragraph. To the extent this paragraph states legal conclusions, no response is required.

104. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

105. Defendant denies the allegations in this paragraph. To the extent this paragraph states legal conclusions, no response is required.

106. Defendant denies the allegations in this paragraph.

107. Defendant denies the allegations in this paragraph.

108. Defendant denies the allegations in this paragraph.

## COUNT FIVE

### Tortious Interference of Contractual Relationships

109. Defendant realleges its responses to paragraphs 1 through 108 above in response to this paragraph.

110. Defendant denies the allegations in this paragraph. To the extent this paragraph states legal conclusions, no response is required.

111. Defendant denies the allegations in this paragraph.

112. Defendant denies the allegations in this paragraph.

113. Defendant denies the allegations in this paragraph.

114. Defendant denies the allegations in this paragraph.

## COUNT SIX

### Tortious Interference of Present and Prospective Business Advantage

115. Defendant realleges its responses to paragraphs 1 through 114 above in response to this paragraph.

116. Defendant is without knowledge as to the allegations of this paragraph and therefore denies same.

117. Defendant denies the allegations in this paragraph.

118. Defendant denies the allegations in this paragraph.

119. Defendant denies the allegations in this paragraph.

## COUNT SEVEN
### Civil Conspiracy

120. Defendant realleges its responses to paragraphs 1 through 119 above in response to this paragraph.

121. Defendant denies the allegations in this paragraph. To the extent this paragraph states legal conclusions, no response is required.

122. Defendant denies the allegations in this paragraph.

123. Defendant denies the allegations in this paragraph.

124. Defendant denies the allegations in this paragraph.

125. Defendant denies the allegations in this paragraph.

## COUNT SEVEN
### Unjust Enrichment

126. Defendant realleges its responses to paragraphs 1 through 125 above in response to this paragraph.

127. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

128. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

129. These allegations are not made against Defendant. Defendant is without knowledge as to the allegations in this paragraph and therefore denies same.

130. Defendant denies any and all factual allegations of the Complaint not expressly admitted herein. Defendant denies any allegation not specifically admitted and demands strict proof herein. Defendant further denies that Plaintiff is entitled to any and all of the relief requested. Defendant respectfully requests that Plaintiff's request for judgment and any damages be denied, Defendant be awarded attorneys' fees and fees incurred in defending Plaintiff's Complaint, and Defendant be granted such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses without prejudice to his right to modify or withdraw any defense and/or assert additional defenses subject to information obtained through the formal discovery process in this case or as information becomes available.

### First affirmative defense
(Failure to State a Claim)

The Complaint, and each and every such claim for relief, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### Second affirmative defense
(Forum Non Conveniens)

This action is barred by forum non conveniens, comity, and/or international abstention.

### Third affirmative defense
(Lacks Personal Jurisdiction)

The Court lacks personal jurisdiction over Defendant.

### Fourth affirmative defense
(Laches)

This action is barred by laches as Plaintiff unreasonably delayed in pursuing this action, an action which intends to terminate Defendant's employ, till many months after Defendant left his position with MaxLite to go to ATG.

### Fifth affirmative defense
(Waiver)

Plaintiff's claims are barred by waiver as Plaintiff intentionally relinquished a known right to relief as to the LED flashlights in dispute. Plaintiff's management was well aware of Defendant's development of a flashlight in his spare time and made no claim in its regard.  Furthermore, Plaintiff's claims in regard to enforcing the employment contract are waived as Plaintiff did not commit any actions consistent with

enforcing these rights when Defendant left Plaintiff's employ.

## Sixth affirmative defense
(Estoppel)

Plaintiff's claims are barred by estoppel as Plaintiff's management was well aware of Defendant's development of a LED flashlight in his spare time and made no claim in its regard. Furthermore, Plaintiff's claims in regard to enforcing the employment contract are estopped as Plaintiff did not commit any actions consistent with enforcing these rights when Defendant left Plaintiff's employ.

## Seventh affirmative defense
(Unjust Enrichment)

Plaintiff's claims as to the LED flashlight are barred by unjust enrichment as Plaintiff in no way participated or facilitated the development of the product. Plaintiff's claim to obtain wages paid would unjustly enrich Plaintiff as Plaintiff already received labor and other benefits through its employment of Defendant.

## Eighth affirmative defense
(Illegality)

Plaintiff's claims are barred by California Business and Professions Code § 16600 which provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

## Ninth affirmative defense
(Unenforceable)

Plaintiff's claims based on post-employment restraints are barred as such restraints are unenforceable under New Jersey law. New Jersey law only finds restrictive covenants enforceable where reasonable in light of the totality of the circumstances. *Nat'l Reprographics, Inc. v. Strom*, 621 F. Supp. 2d 204, 222 (D.N.J. 2008). As the restrictions here are not necessary to protect Plaintiff's interests and would cause undue hardship to Defendant, they are unenforceable. *A.T. Hudson & Co. v. Donovan*, 216 N.J. Super. 426, 432, 524 A.2d 412 (App. Div. 1987).

### Tenth affirmative defense

(Mootness)

Plaintiff's claims are moot as Defendant commenced employment with ATG in October 2014 and has been so employed ever since.

### Eleventh affirmative defense

(Failure to Mitigate)

Plaintiff has failed to mitigate or exercise reasonable care and diligence to avoid loss and minimize damages, and therefore, may not recover losses that could have been prevented by reasonable efforts on Plaintiff's part or by expenditures that might reasonably have been made.

### Twelfth affirmative defense

(Consent)

Plaintiff's claims are barred from recovery by virtue of its consent to the alleged conduct of Defendant and others.

### Thirteenth affirmative defense

(Assumption of Risk)

Plaintiff expressly, voluntarily and knowingly assumed all risks about which it now complains, and, therefore, Plaintiff's claims and damages, if any, are barred or reduced to the extent of said assumption of risk.

### Fourteenth affirmative defense

(Uncertainty)

The Complaint does not describe the claims against Defendant with sufficient particularity and certainty to enable Defendant to determine what its defenses may be. Defendant reserves the right to assert all defenses that may be pertinent to or arise from Plaintiff's claims against it when their precise nature is ascertained.

### Fifteenth affirmative defense

(Standing)

Defendant's Proprietary Information Agreement is with SK America, Inc. and

Plaintiff lacks standing to enforce this Agreement.

### Sixteenth affirmative defense

(Adequate Legal Remedy)

Plaintiff's claims are barred for equitable relief because Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

Dated:  May 20, 2015

Respectfully Submitted,


By:  /s/  Shari Amster
     Shari Amster

Of Counsel:
Marc Durant, Esquire
Durant & Durant, LLC
325 Chestnut Street
Suite 1109
Philadelphia, PA 19106
mdurant@durantlaw.com
215.592.1818

James Mulcahy, Esquire
Kevin A. Adams, Esquire
**Mulcahy LLP**
4 Park Plaza,
Suite 1230
Irvine, CA 92614
Telephone: (949) 252-9377
jmulcahy@mulcahyllp.com
kadams@mulcahyllp.com