**COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP**
Peter S. Pearlman
Joseph B. Brown
Kelly M. Purcaro
Erika R. Piccirillo
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
Tel.: (201) 845-9600
Fax:  (201) 845-9423
psp@njlawfirm.com
jb@njlawfirm.com
kmp@njlawfirm.com
ep@njlawfirm.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXLITE, INC., a New Jersey Corporation, f/k/a SK AMERICA, INC., d/b/a MAXLITE, <br><br> *Plaintiff,* <br><br> v. <br><br> ATG ELECTRONICS, INC., JAMES D. STEEDLY, SOPHIA C. GALLEHER, and MATTHEW KIM, <br><br> *Defendants.* | Case No.: 2:15-CV-01116-JMV-JBC <br><br> Civil Action <br><br> **DECLARATION OF KELLY M. PURCARO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO ATG'S RENEWED MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

**KELLY M. PURCARO,** hereby declares as follows:

1.   I am an attorney at law of the State of New Jersey, a member of the bar of the United States District Court for the District of New Jersey, and an associate with the law firm of Cohn Lifland Pearlman Herrmann & Knopf LLP, attorneys for the

Plaintiff, MaxLite, Inc. ("Plaintiff" or "MaxLite"), in the instant matter.

2.   I am one of the attorneys charged with the care, responsibility, and management of the within matter and am fully familiar with the facts contained herein.

3.   I make this declaration in support of the Plaintiff's Opposition to Defendant, ATG Electronic, Inc.'s, Motion to Dismiss the Amended Complaint of Plaintiff (ECF Doc. No. 138).

4.   This action arises out of a post-employment dispute between Plaintiff and its former employees, Defendants James Steedly, Sophia Galleher, and Matthew Kim (collectively, "Employee Defendants"), as well as the Employee Defendants' new employer, Defendant ATG Electronics, Inc. ("ATG").  At the heart this dispute are allegations that Employee Defendants' breached their respective written Proprietary Information Agreements (the "Employee Agreements") with Plaintiff which, among other things, prohibit Employee Defendants from utilizing or disclosing MaxLite's confidential, proprietary information, from competing with MaxLite during their employment or for a period of twelve (12) months thereafter, and from soliciting MaxLite customers and employees during their employment or for a period of eighteen (18) months thereafter.  Plaintiff's Amended Complaint against ATG sounds largely in tortious interference with MaxLite's current and prospective business advantage as well as

its conspiracy with respect to the actions of Employee Defendants in breach of their Employee Agreements.

5.    On February 4, 2015, Plaintiff sent letters to Employee Defendants identifying what Plaintiff contended were their prohibited actions under their respective Employee Agreements and demanding that they cease and desist in their breaches ("Employee Cease and Desist Letters"). Plaintiff indicated that it would pursue immediate legal action should Employee Defendants fail to cease and desist in their unlawful practices. True and correct copies of the Employee Cease and Desist Letters are collectively attached hereto as **Exhibit A.**

6.    On February 4, 2015, Plaintiff also sent a cease and desist letter to ATG ("ATG Cease and Desist Letter"), providing copies of the Employee Agreements to ATG. The ATG Cease and Desist Letter, among other things, demanded that ATG cease and desist in its tortious conduct and from further enabling the Employee Defendants' breaches. Again, Plaintiff indicated that it would pursue immediate legal action should ATG fail to cease and desist in its unlawful practices. True and correct copies of the ATG Cease and Desist Letter is attached hereto as **Exhibit B.**

7.    On or about February 10, 2015, Plaintiff's counsel received a call from James M. Mulcahy, Esq. Mr. Mulcahy advised that he represented at least some of the Employee Defendants,

had received the Cease and Desist Letters, and would be in contact with Plaintiff's counsel regarding same on Monday February 16, 2015.   Plaintiff's counsel advised Mr. Mulcahy that, while Plaintiff would file a complaint, it would refrain from seeking injunctive relief until after Monday, February 16, 2015 to provide Mr. Mulcahy an opportunity to discuss the matter with his clients.

8.   On February 12, 2015, Plaintiff filed a Verified Complaint (ECF Doc. No. 1) (the "First Filed Complaint") alleging: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Conversion and Misappropriation; (4) Unfair Competition/Breach of Duty of Loyalty; (5) Tortious Interference of Contractual Relationships; (6) Tortious Interference of Present and Prospective Business Advantage; (7) Civil Conspiracy; and (8) Unjust Enrichment.

9.   A day later, on February 13, 2015, Mr. Mulcahy filed suit on behalf of the Employee Defendants and ATG in the Superior Court of the State of California (the "California Complaint"), involving the same parties and the same subject matter as Plaintiff's First Filed Complaint, which, essentially, denies the allegations of the First Filed Complaint, and seeks injunctive relief and damages on behalf of ATG and the Employee Defendants against MaxLite.

10.   On February 17, 2015, Plaintiff's counsel spoke with Mr. Mulcahy regarding service of process and agreed to exchange copies of the respective complaints.   That afternoon, pursuant to the aforementioned conversation, Plaintiff's counsel sent a copy of Plaintiff's First Filed Complaint to Mr. Mulcahy via e-mail and requested the same of Mr. Mulcahy.   A true copy of counsel's e-mail dated February 17, 2015 is attached hereto as **Exhibit C.**

11.   On February 18, 2015, Plaintiff's counsel e-mailed Mr. Mulcahy to, again, request a copy of the second filed California Complaint.   A true copy of counsel's e-mail dated February 18, 2015 is attached hereto as **Exhibit D.**

12.   Plaintiff received a copy of the California Complaint on February 18, 2015.   Later that evening, Plaintiff's counsel was further advised that Mr. Mulcahy would not be accepting service on behalf of Defendants.   As a result, all Defendants were personally served with the pleadings in this matter.

13.   On February 24, 2015, Plaintiff filed an Order to Show Cause for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65, Expedited Discovery Pursuant to Fed. R. Civ. P. 26, and a Discovery Confidentiality Order Pursuant to Appendix S of the Local Civil Rules of the District of New Jersey.   See ECF Doc. No. 5 and 6.   Copies of same were served upon all parties, and a courtesy copy was sent to Mr. Mulcahy.

14. Neither Defendants nor Mr. Mulcahy responded to Plaintiff's February 24, 2015 communication.

15. On March 3, 2015, this Court denied Plaintiff's application for an Order to Show Cause for failure to submit an affidavit setting forth a clear and specific showing of good and sufficient reasons why the matter could not be resolved through normal notice of motion procedures.

16. On March 5, 2015, Plaintiff filed a Notice of Removal of the California Complaint, removing it from California State Court to the United States District Court for the Central District of California.

17. On March 10, 2015, an application for an Order to Show Cause for Expedited Discovery and a Discovery Confidentiality Order (ECF Doc. No. 12 and 13), a Motion for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65 (ECF Doc. Nos. 14 and 15), and a Motion to Seal documents related to these applications (ECF Doc. No. 11) were filed by MaxLite in this New Jersey action.

18. As part of the relief sought in the Motion for Preliminary Injunction, Plaintiff requested that Defendants be enjoined from prosecuting the California action, as it involved the exact same parties and subject matter as the instant litigation, because this Court had first possession of the

subject matter, and is of equal rank to the United States District Court for the Central District of California.

19. On March 12, 2015, MaxLite filed a Motion to Dismiss the California Complaint, or in the alternative, Transfer the Second Filed Complaint to New Jersey.

20. Also on March 12, 2015, Defendants filed a Motion to Dismiss or Transfer Plaintiff's Complaint (ECF Doc. No. 17).

21. On March 19, 2015, the parties stipulated to stay the California action. As of the date of this filing, that stay remains in effect.

22. On March 19, 2015, Defendants filed a letter with this Court requesting that the Court "continu[e] the motion date and related briefing schedule on the Preliminary Injunction Motion pending the Court's ruling on the Motion to Dismiss." (ECF Doc. No. 18).

23. On March 20, 2015, Plaintiff filed a letter in opposition to Defendants' request for a continuance based primarily upon the urgency of Plaintiff's pending request for Preliminary Injunction. (ECF Doc. No. 19).

24. On April 21, 2015, oral argument was held before the Hon. Susan D. Wigenton on Defendants' Motion to Dismiss or Transfer and Plaintiff's Motion for Preliminary Injunction. Judge Wigenton denied Defendants' Motion to Dismiss with respect to the Employee Defendants, Denied Defendant's Motion to

Transfer with respect to all Defendants, and Denied Defendants' request to have California law apply to the instant litigation. Judge Wigenton also denied Plaintiff's Motion for Preliminary Injunction and ordered limited jurisdictional discovery with respect to defendant, ATG. Attached hereto as **Exhibit E** is a true and correct copy of the relevant portion of the April 21, 2015 hearing transcript; T77:23-80:16. See also Order entered on April 29, 2015. (ECF Doc. No. 63).

25.  On May 20, 2015, the Employee Defendants filed Answers and Affirmative Defenses to Plaintiff's Complaint. (ECF Doc. Nos. 69-71).

26.  On June 11, 2015, Plaintiff served its initial disclosures.

27.  On June 15, 2015, the Court issued an Initial Scheduling Order (ECF Doc. No. 83), a Scheduling Order for Jurisdictional Discovery (ECF Doc. No. 84), and an Order granting Plaintiff's Motion to file an Amended Complaint. (ECF Doc. No. 85).

28.  On June 23, 2015, Plaintiff filed an Amended Complaint. (ECF Doc. No. 87).

29.  On July 1, 2015, pursuant to the Scheduling Orders ECF Doc. Nos. 83 and 84), Plaintiff served the following discovery demands:

- Plaintiff's First Request for Production of Documents to Defendant Galleher;
- Plaintiff's First Request for Production of Documents to Defendant Steedly;
- Plaintiff's First Request for Production of Documents to Defendant Kim;
- Plaintiff's First Set of Interrogatories to Defendant Galleher;
- Plaintiff's First Set of Interrogatories to Defendant Steedly;
- Plaintiff's First Set of Interrogatories to Defendant Kim;
- Plaintiff's Jurisdictional Interrogatories to Defendant ATG; and
- Plaintiff's Jurisdictional Request for Production of Documents to Defendant ATG.

30. On or about July 2, 2015, ATG served Plaintiff with its Initial Disclosures.

31. On July 14, 2015, the Court entered a Joint Discovery Confidentiality Order. (ECF Doc. No. 93).

32. On July 14, 2015, we were advised by the Mulcahy Law Firm that it would no longer be representing any of the Defendants.

33. On July 20, 2015, the Court entered a Consent Order granting Defendant ATG's request for substitution of local counsel. (ECF Doc. No. 94).

34. On July 22, 2015 and July 28, 2015, Defendants' counsel filed a Motion for Leave to Withdraw as Counsel for the Employee Defendants and to Stay Discovery (which motion subsequently was amended). (ECF Doc. Nos. 97 and 98).

35.   On or about July 23, 2015, ATG served Discovery Demands upon Plaintiff pursuant to the Jurisdictional Discovery Scheduling Order.

36.   On July 28, 2015, Plaintiff filed a response to Defendants' Motion to Withdraw as Counsel and Stay Discovery, requesting that the stay of discovery be limited to the Employee Defendants only and that the stay be granted only until the resolution of the pending motion to withdraw and stay discovery. (ECF Doc. No. 99).

37.   On July 30, 2015, the Hon. Steve Mannion denied Defendants' Motions to withdraw without prejudice.   (ECF Doc. Nos. 102 and 103).

38.   On August 6, 2015, I sent letters to all Defendants advising that their discovery responses were overdue.   True and correct copies of my August 6, 2015 letters are attached collectively hereto as **Exhibit F.** Shortly thereafter, I was contacted by ATG's new local counsel seeking an extension of time to respond to the outstanding jurisdiction discovery responses.

39.   On August 14, 2015, Defendants' counsel filed a renewed Motion for Leave to Withdraw as Counsel for the Employee Defendants and to Stay Discovery.   (ECF Doc. No. 104).   Employee Defendants submitted a letter in support of same, in which they asserted, among other things, that ATG had fired all three

Employee Defendants effective on or around June 17, 2015. (ECF Doc. No. 104-4, Ex. 2).

40. On August 18, 2015, I sent a follow-up letter to ATG's new counsel regarding ATG's overdue jurisdictional discovery responses, and offering a 30 day extension in order to accommodate new counsel's request for additional time. A true and correct copy of my August 18, 2015 letter is attached hereto as **Exhibit G.**

41. On or about August 19, 2015, Plaintiff received ATG's responses to Plaintiff's First Set of Jurisdictional Interrogatories. ATG attached a copy of these responses as *Exhibit E* to its currently pending Motion to Dismiss Plaintiff's Amended Complaint. (ECF Doc. No. 138-6).

42. On August 21, 2015, Plaintiff filed a partial opposition to Defendants' pending Motion to Withdraw as Counsel and Stay Discovery, again opposing the portion of the motion which requested an open ended stay of discovery. (ECF Doc. No. 107).

43. On August 25, 2015, I advised ATG's counsel of deficiencies in ATG's responses to Plaintiff's First Set of Jurisdictional Interrogatories.

44. Shortly thereafter, I meet and conferred with ATG's counsel regarding these discovery deficiencies.

45. On or about September 2, 2015, Plaintiff received ATG's responses to Plaintiff's Jurisdictional Request for Production of Documents.

46. On September 4, 2015, ATG provided supplemental responses to Plaintiff's Jurisdictional Request for Production of Documents in responses to the deficiencies in same.

47. On September 14, 2015, New Jersey based marketing firm, Sparket Marketing, posted an announcement "welcome[ing] ATG as one of its public relations and marketing clients." A true and correct copy of the September 14, 2015 Sparket Marketing announcement is attached hereto as **Exhibit H.**

48. Also on September 14, 2015, I advised ATG's counsel of continued deficiencies in ATG's responses to Plaintiff's First Set of Jurisdictional Interrogatories, as well as deficiencies in ATG's responses to Plaintiff's Jurisdictional Request for Production of Documents.

49. Shortly thereafter, I again meet and conferred with ATG's counsel regarding ATG's discovery deficiencies.

50. On September 16, 2015, the Employee Defendants filed an Order to Show Cause for temporary restraints against ATG and leave to file their attached proposed Verified Crossclaim against ATG. (ECF Doc. No. 109). This application was filed on behalf of the Employee Defendants by their new counsel, Pashman Stein, who represented that it has been retained "for the

limited purpose of filing this application." (ECF Doc. No. 109-1).

51.  On September 18, 2015, Plaintiff noticed the Fed. R. Civ. P. 30(b)(6) deposition of ATG on the issue of jurisdiction pursuant to the June 15, 2015 Scheduling Order for Jurisdictional Discovery (ECF Doc. No. 84). This was done for the purposes of seeking to expedite this matter in spite of the fact that MaxLite had not yet received the Employee Defendants' Disclosures or any other discovery from them—all of which had been stayed at the defendants' request. A true and correct copy of my September 18, 2015 transmittal letter and deposition notice are attached collectively hereto as **Exhibit I**.

52.  On September 21, 2015, following a status conference before the Court with all counsel, the Court entered an Amended Scheduling Order, which, among other things, stayed "discovery as to the individual defendants until resolution of their order to show cause[…]." (ECF Doc. No. 110).

53.  On or about September 25, 2015, ATG responded to Plaintiff's correspondence regarding its claimed continued deficiencies in ATG's responses to Jurisdictional Interrogatories Requests for Production of Documents. A true and correct copy of ATG's September 25, 2015 letter is attached hereto as **Exhibit J**.

54. On October 2, 2015, Plaintiff conducted a jurisdictional deposition of ATG's designated Fed. R. Civ. P. 30(b)(6) witness, Nick Ni, President of ATG. ATG filed a copy of Mr. Ni's October 2, 2015 deposition transcript, excluding all deposition exhibits, as *Exhibit F* to its currently pending Motion to Dismiss. (ECF Doc. No. 138-7).

55. On October 19, 2015, ATG filed its Opposition to the Employee Defendants' pending Order to Show Cause. (ECF Doc. No. 112). Thereafter, the Employee Defendants filed their Reply. (ECF Doc. No. 113)

56. On November 4, 2015, the Court entered an Order granting the Employee Defendants' counsel Leave to Withdraw as Counsel and staying discovery as to the Employee Defendants until November 30, 2015 "to provide the [Employee] Defendants time to retain new counsel […]." (ECF Doc. No. 114).

57. On November 13, 2015, the parties collectively filed a Joint Dispute Letter with the Court pursuant to ECF Doc No. 110, the September 21, 2015 Amended Scheduling Order. (ECF Doc. No. 115). Among other things, Plaintiff expressed again, that "MaxLite d[id] not wish to expend its last jurisdictional deposition until it is able to take discovery from the Individual Defendants who have relevant information with respect to both the merits and jurisdictional issues." Plaintiff also reiterated its position that MaxLite had been deprived of merits

discovery for multiple months by ATG's actions and that the Order to Show Cause and supporting documents recently filed by the Employee Defendants "demonstrate that significant representations made by ATG in both its motion to dismiss and its answers to jurisdiction interrogatories was palpably false." (Id., p.3).

58. On November 23, 2015, oral argument was held before Judge Mannion on the Employee Defendants' Order to Show Cause against ATG. A true and correct copy of the relevant portions of the November 23, 2015 transcript are attached hereto as **Exhibit K.**

59. On December 12, 2015, the Court entered an Amended Scheduling Order setting, among other things a settlement conference for January 6, 2016, before Judge Mannion. (ECF Doc. No. 117).

60. On January 6, 2016, the parties appeared before Judge Mannion for a settlement conference pursuant to the December 12, 2015 Amended Scheduling Order. Id. The parties did not reach any settlements.

61. On January 15, 2016, the Court entered a Text Order ordering the Employee Defendants to "provide their initial disclosures with copies of all documents relevant to any claim or defense in the case to counsel for the other parties within 10 days." (ECF Doc. No. 118).

62.   Also on January 15, 2016, the Court entered an Amended Scheduling Order which ordered the Employee Defendants to provide Fed. R. Civ. P. 26 initial disclosures "including but not limited to, all documents prescribed by Fed. R. Civ. P. 26(a)(1)(A)(ii)" on or before January 25, 2016.  (ECF Doc. No. 119).   The Court further ordered that jurisdictional discovery was to be completed by February 5, 2016, and set a briefing schedule for ATG's current Motion to Dismiss.  Id.

63.   On January 20, 2016, the Court again ordered the Employee Defendants to produce all documents relevant to any claim or defense.  (ECF Doc. No. 122).

64.   On January 25, 2015, the Court granted the Employee Defendants' request for a two day extension, setting their deadline to produce documents and initial disclosures on January 27, 2016.  (ECF Doc. No. 124).   The Court also extended the deadline for jurisdictional discovery until February 9, 2016. Id.

65.   On January 27, 2016, the Employee Defendants filed a letter with the Court stating that they were prepared to make the ordered document production, however the Employee Defendants had been threatened by ATG that "the production of the documents at issue would result in ATG suing Ms. Galleher" and therefore the Employee Defendants sought guidance from the Court "[i]n

light of ATG's express threats should we produce these materials." (ECF Doc. No. 125).

66.  On January 27, 2016, Plaintiff filed a letter with the Court in response to the Employee Defendants' letter. (ECF Doc. NO. 126).

67.  On this same day, ATG also filed a letter with the Court regarding its opposition to the Employee Defendants' document production. (ECF Doc. No. 127 and 127-1).

68.  On February 2, 2016, pursuant to the Court's instruction, the parties filed a Joint Dispute Letter, later amended to include ATG's belated submission, detailing their respective positions regarding ATG's interference with the Employee Defendants' Court Ordered discovery production and requesting a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute. (ECF Doc. Nos. 128 and 129).

69.  On February 9, 2016, pursuant to the Court's instruction, the Employee Defendants finally produced their initial disclosures and document related document production. This was the first discovery of any sort received by Plaintiff from any of the Employee Defendants.

70.  On February 19, 2016, following the requested telephonic discovery conference, the Court issued an Amended Scheduling Order providing for a jurisdictional discovery end

date of March 31, 2016.  (ECF Doc. No. 131).  The Amended Scheduling Order also reset the briefing schedule on ATG's currently pending Motion to Dismiss, and further instructed the parties to address the impact of the following cases in their briefing regarding jurisdiction: Walden v. Fiore, 134 S. Ct. 1115 (2014); Radian Guaranty Inc. v. Bolen, 18 F. Supp. 3d 635 (E.D.Pa. 2014); Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287 (3d Cir. 1996); and Beth Schiffer Fine Photographic Arts, Inc. v. Colex Imaging, Inc., 2014 WL 1908500 (D.N.J. May 13, 2014).

71.  On February 29, 2016, this case was reassigned to District Judge John Michael Vazquez and Magistrate Judge James B. Clark for all further proceedings. (ECF Doc. No. 132).

72.  On March 4, 2016, I advised counsel for the Employee Defendants of certain deficiencies in the Employee Defendants' initial disclosure document production. In this same letter, I also advised all counsel that Plaintiff would depose Galleher for its one remaining jurisdictional deposition.  A true and correct copy of my March 4, 2016 letter is attached hereto as **Exhibit L.**

73.  On March 9, 2016, the Employee Defendants responded to Plaintiff's March 4, 2016 discovery deficiency letter and advising of their objection to producing Galleher for a deposition.  A true and correct copy of the March 9, 2016 letter from the Employee Defendants is attached hereto as **Exhibit M.**

74. Also on March 9, 2016, MaxLite and ATG filed a Joint Dispute Letter with the Court regarding the pending jurisdictional deposition of Galleher. (ECF Doc. No. 133).

75. On March 10, 2016, MaxLite formally noticed the jurisdictional deposition of Galleher, to take place at a time and location agreed upon by counsel. A true and correct copy of MaxLite's Jurisdictional Deposition Notice of Galleher is attached hereto as **Exhibit N.**

76. On March 29, 2016, following a brief telephonic conference with the Court, the jurisdictional deposition of Galleher took place at her attorney's office in Hackensack, New Jersey. A copy of Galleher's March 29, 2016 deposition transcript is attached, without exhibits, to ATG's currently pending Motion to Dismiss Plaintiff's Amended Complaint as *Exhibit G.* (ECF Doc. No.138-8).

77. Attached hereto are true and correct copies of the following Exhibits from the March 29, 2016 jurisdictional deposition of Galleher:

> a) Marked as **P1:** E-mails, and one page attachment, dated November 13, 2014, between Galleher and Frank Dantona regarding ATG's advertising in Electrical Contractor Magazine (ED_E_000212 – 213)**(Exhibit O);**
> b) Marked as **P2:** An e-mail dated April 1, 2015, from Galleher regarding ATG's advertising in TED Magazine, Edison Report, Energy Watch News, NAILD newsletter, Light Now, ECMM, Building

19

Magazine, and through press releases and product awards (ED_E_009300) **(Exhibit P)**;

c) Marked as **P4**: An e-mail dated March 24, 2015, from Galleher to ATG Vice President, Eric Cai, asking for information about ATG's participation in the Globalcon Conference held in Atlantic City, New Jersey (ED_E_008520) **(Exhibit Q)**;

d) Marked as **P5**: A chain of e-mails dated May 6, 2015 through May 9, 2015 between Galleher, Steedly, Eric Cai, additional ATG employees and Ruitentberg Lind Design Group of Cranbury, New Jersey. (Based upon the dates and context of the e-mails, this appears to be a new customer Galleher and Steedly brought in to ATG through their participation at LightFair in May of 2015)(ED_E_012060-62, ED_E_012080-83; and ED_E_012100-01)**(Exhibit R)**;

e) Markets as **P6**: An e-mail dated May 20, 2015 from Galleher to Robert Quintal of Lighting for ESCOs ("LFE"), the agency overseeing GreenTech, regarding ATG's efforts to aggressive gain a market share in his region, i.e. the Northeast Region including New Jersey (ED_E_012657)**(Exhibit S)**;

f) Marked as **P7**: E-mails dated February 13, 2015 between Galleher, Matt Kim and Eric Cai, with copy to Clinton Wiecking and James Steedly, regarding an ATG shipment to Toy R Us in Wayne, New Jersey (ED_E_005416-17)**(Exhibit T)**;

g) Marked as **P8**: An e-mail from Galleher to Eric Cai about a "Job Name: KPMG 4th Floor" which ATG was shipping to New Jersey and redirecting the "job" to an ATG sales representative in Massachusetts (ED_E_014009)**(Exhibit U)**;

h) Marked as **P9**: An e-mail dated March 4, 2015 from Galleher to Nicole Crocker and Eric Cai requesting information about ATG's agreements with their New Jersey Sales Representatives, and

indicating that Galleher could "handle" ATG's New Jersey customers (ED_E_006760)(**Exhibit V**);

i) Marked as **P10:** An e-mail dated June 17, 2015 from Galleher to ATG employees, copy to Nick Ni, Eric Cai and ATG employees, reminding ATG employees to refrain from quoting, signing up new customers and processing orders for anyone in New Jersey; directing "Joey" to "make sure that no orders ship to New Jersey" (ED_E_014416)(**Exhibit W**);

j) Marked as **P11:** An e-mail dated June 8, 2015 from Galleher to Cristina and Kimberly at ATG advising that ATG is refraining from doing business in New Jersey currently due to some legal issues (ED_E_013844)(**Exhibit X**);

k) Marked as **P12:** An e-mail dated May 12, 2015 from Galleher to Anna at ATG, copy to Eric Cia, advising that ATG is delaying its business with current and prospective New Jersey customers for a "few weeks" due to the lawsuit, and that Galleher is keeping ATG's current New Jersey customers "in the loop" (ED_E_012131)(**Exhibit Y**);

l) Marked as **P13:** E-mails dated June 17, 2015 through June 18, 2015 between Joey of ATG, Nick Ni, William Thomas (of Ra Energy), Steedly, Galleher, Eric Cai and Nemo of ATG regarding ATG's instruction to hold back a large shipment that was going to New Jersey (ED_B_000357-58)(**Exhibit Z**);

m) Marked as **P14:** An E-mail dated June 18, 2015 from William Thomas (of Ra Energy) to Nick Ni and Steedly, with copy to Galleher, Eric Cai, Joey and Nemo, arranging for the diversion of an ATG product shipment for a New Jersey customer through a warehouse located in New York (ED_B_000232)(**Exhibit AA**);

n) Marked as **P17:** List of New Jersey Utility Rebates created by Galleher for ATG (ED_A_001019) (**Exhibit BB**);

o) Marked as **P18**: A list of customers and contacts that LFD/LFE was targeting for ATG, including Rexel Energy Solutions, a MaxLite customer, and Green Light Energy located in Lakewood, New Jersey (ED_A_001143)(**Exhibit CC**);

p) Marked as **P19**: Communications between Galleher and former MaxLite employee and New Jersey resident, Sharon Katz (ED_C_000186)(**Exhibit DD**);

q) Marked as **P20**: E-mails dated April 13, 2015 and April 15, 2015 between Eric Dan, Galleher and "sales@atgelectronics.com" regarding a ATG prospective customer, Image Lighting Distribution located in East Rutherford, New Jersey, for William (Thomas of Ra Energy)(ED_E_010390)(**Exhibit EE**);

r) Marked as **P21**: E-mails dated April 13, 2015 through April 16, 2015 between Galleher and William Thomas regarding follow-up on an ATG customer Image Lighting Distribution located in East Rutherford, New Jersey (ED_E_010767)(**Exhibit FF**).

78. On April 8, 2016, ATG filed its currently pending Motion to Dismiss Plaintiff's Amended Complaint. (ECF Doc. No. 138).

79. Also on April 8, 2016, the Court Ordered all discovery in this case stayed, as well as the Employee Defendants' Order to Show Cause, pending disposition of ATG's renewed and currently pending Motion to Dismiss Plaintiff's Amended Complaint. (ECF Doc. No. 139).

80. Attached hereto as **Exhibit GG** is a true and correct copy of an internet advertisement for ATG's company and products

appearing on the website for "Energy Efficient Pros," located in Camden, New Jersey.

81. Attached hereto as **Exhibit HH** are true and correct copies of e-mails, dated April 27, 2015 – April 28, 2015, between Galleher, Kim, Steedly, Nick Ni, and Clinton Wiecking, produced by the Employee Defendants (ED_E_011589-590) regarding business opportunities Energy Efficient Pros ("EEPros") and Capitol Light brought to located in Camden, New Jersey.

82. Attached hereto as **Exhibit II** are true and correct copies of correspondence dated December 1, 2015, January 19, 2015 and January 15, 2015, produced by the Employee Defendants (ED_C_000184 - 185), wherein Galleher is soliciting New Jersey resident and former MaxLite employee, Krysta Venturella, to work for ATG in the area of press releases and marketing.

83. Attached hereto as **Exhibit JJ** are true and correct copies of e-mails dated January 14, 2015, January 15, 2015, January 22, 2015 and January 26, 2015 produced by the Employee Defendants (ED_E_003626-628; ED_E_003070; and E_003146-148), regarding Galleher's facilitation of ATG's hiring of New Jersey resident and former MaxLite employee, Krysta Venturella.

84. Attached hereto as **Exhibit KK** are true and correct copies of e-mails and attachments, dated April 13, 2015 through April 29, 2015, produced by the Employee Defendants (ED_E_010978 - 985; ED_E_011485-493; and ED_E_011638 - 640) regarding ATG's

Exclusive Distributor Agreement with Ra Energy for the Northern New Jersey and New York territory.

85.   Attached hereto as **Exhibit LL** is a true and correct copy of an e-mail dated March 3, 2015, produced by the Employee Defendants (ED_E_006603-604) wherein Galleher provides Eric Cai, ATG Vice President, and additional ATG employees a breakdown of the ATG sales territories assigned to each ATG sales person, includes Matt Hodge's New Jersey territory.

86.   Attached hereto as **Exhibit MM** are a true and correct copies of internet pages from The Home Depot advertising ATG products available in the Home Depot Stores in Newark, New Jersey (dated January 11, 2016)  and in Lodi, New Jersey (dated March 28, 2016).


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 18th day of April, 2016.

s/ *Kelly M. Purcaro*