HOWARD B. GOLDS, Bar No. 112626
howard.golds@bbklaw.com
THOMAS M. O'CONNELL, Bar No. 298457
thomas.oconnell@bbklaw.com
BEST BEST & KRIEGER LLP
3390 University Avenue, 5th Floor
P.O. Box 1028
Riverside, CA 92502
Telephone: (951) 686-1450
Facsimile: (951) 686-3083

ALEXANDER FRIEDMAN (AF2750)
afriedman@brodyandassociates.com
BRODY AND ASSOCIATES, LLC
120 Post Road West, Suite 101
Westport, CT 06880
Telephone: (203) 454-0560

Attorneys for Defendant
ATG ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXLITE, INC., a New Jersey Corporation, f/k/a SK AMERICA, INC., d/b/a MAXLITE,<br><br>Plaintiff,<br><br>v.<br><br>ATG ELECTRONICS, INC., JAMES D. STEEDLY, SOPHIA C. GALLAHER, and MATTHEW KIM,<br><br>Defendants. | Case No. 2:15-CV-01116-JMV-JBC<br>Hon. John Michael Vasquez<br><br>DEFENDANT ATG ELECTRONICS, INC.'S REPLY TO MAXLITE, INC.'S OPPOSITION TO ATG ELECTRONICS, INC.'S MOTION TO AMEND ORDER AND TO CERTIFY A QUESTION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)<br><br>Motion Date:   August 15, 2016 |

30376.00001\29126113.6

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 3

    A. ATG Is Requesting That This Court Certify A Dispositive And Narrow Controlling Question Of Law For Appeal ............................. 3

    B. The Question Of Whether A District Court May Assert Personal Jurisdiction Over A Nonresident Defendant On The Basis Of The Defendant's Knowledge Of A Third Party Contract's Forum Selection Clause Provides A Substantial Ground For Difference Of Opinion ........................................................................ 5

        1. The United States Supreme Court And The Third Circuit Court Of Appeals Both Recognize The Existence Of Various Versions Of The *Calder* Effects Test ......................... 6

        2. The Third Circuit Has Not Yet Enforced A Forum Selection Clause Against A Non-Signatory .............................. 7

        3. Contrary To MaxLite's Assertion, The District Court Has Demonstrated Two Different Approaches To Whether The Employee Defendant's Forum Selection Clause Allows The Court To Exercise Personal Jurisdiction Over ATG ........................................................................................ 8

    C. Certification Of The Question ATG Presented This Court For Appeal May Materially Advance The Termination Of ATG's Participation In This Litigation ...................................................... 10

III. CONCLUSION ............................................................................................ 12

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*A.S. v. SmithKline Beecham Corp.*
    2013 U.S. Dist. LEXIS 173975 .................................................................................. 10

*APCC Servs. v. Spring Communs. Co.*
    297 F.Supp.2d 90 (D.D.C. 2003) .................................................................................. 3

*Astro-Med, Inc. v. Nihon Kohden, America, Inc.*
    591 F.3d 1 (1st Cir. 2009) ........................................................................................ 7, 9

*Burtch v. Security Pac. Bank Oregon (In re Mushroom Transp. Co.)*
    247 B.R. 395 (E.D.Pa. 2000) ....................................................................................... 7

*Centronics Data Computer Corp. v. Mannesmann*
    432 F.Supp. 659 (D.N.H. 1977) ................................................................................... 3

*Conatelli v. Nat'l Hockey League*
    893 F.2d 459 (1st Cir. 1990) ........................................................................................ 3

*Dayhoff, Inc. v. H.J. Heinz Co.*
    86 F.3d 1287 (3d Cir. 1996) ......................................................................................... 7

*FTC v. Wyndham Worldwide Corp.*
    10 F. Supp. 3d 602, 634-35 (D.N.J. 2014) ............................................................... 5, 10

*Hulmes v. Honda Motor Co., Ltd.*
    936 F.Supp. 195 (D.N.J. 1996) ................................................................................... 11

*Imo Industries, Inc. v. Kiekert AG*
    155 F.3d 254 (3d Cir. 1998) .................................................................................. 6, 11

*International Shoe v. Washington*
    326 U.S. 310 (1945) ................................................................................................... 11

*J. McIntyre Mach., Ltd. v. Nicastro*
    564 U.S. 873 (2011) ..................................................................................................... 3

*Katz v. Carte Blanche Corp.*
    496 F.2d 747 (3d Cir. 1974) ........................................................................... 3, 4, 9, 11

*Klinghoffer v. S.N.C. Achille Lauro*
   921 F.2d 21 (2d Cir. 1990) .................................................................................... 3

*Lawson v. FMR LLC*
   670 F.3d 61 (1st Cir. 2010) .................................................................................... 7

*Lawyers Funding Grp., LLC v. Harris*
   2016 U.S. Dist. LEXIS 6650 (E.D.Pa. 2016) ......................................................... 7

*Marten v. Goodwin*
   499 F.3d 290 (3rd Cir. 2007) .................................................................................. 6

*Max Daetwyler Corp. v. AW German Corp.*
   762 F.2d 290 (3d Cir. 1985) ................................................................................... 3

*Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*
   983 F.2d 551 (3d Cir. 1993) ................................................................................... 3

*Moodie v. Fed. Reserve Bank of N.Y.*
   58 F.3d 879 (2d Cir. 1995) ................................................................................... 10

*Pennzoil Prods. Co. v. Colelli & Assocs.*
   149 F.3d 197 (3d Cir. 1998) ................................................................................... 3

*Pension Benefit Guaranty Corp. v. Ouimet Corp.*
   630 F.2d 4 (1st Cir. 1980) ...................................................................................... 7

*Phillip Morris v. Harshbarger*
   957 F.Supp. 327 (D. Mass. 1997) ........................................................................... 7

*Radian Guaranty Incorporated v. Bolen*
   18 F.Supp.3d 635 (E.D.Pa. 2014) ....................................................................... 7, 9

*Reese v. BP Exploration (Alaska) Inc.*
   643 F.3d 681 (9th Cir. 2011) ...................................................................... 5, 9, 10

*RK Envtl., LLC v. Lloyd*
   2015 U.S. Dist. LEXIS 166144 (D.N.J. 2015) ....................................................... 7

*Ruhgras Ag v. Marathon Oil Co.*
   526 U.S. 574 (1999) ............................................................................................. 10

*Shevlin v. Phoenix Ins. Co.*
   2015 WL 348552 (D.N.J. 2015) ....................................................................... 1, 11

*United States v. Parcel of Land*
  742 F.Supp. 189 (D.N.J. 1990) .......................................................................................... 5, 6

*Walden v. Fiore*
  134 S.Ct. 1115 (2014) ............................................................................................... 3, 6, 11

*Wolstenholme v. Bartels*
  511 Fed. Appx. 215 (3d Cir. 2013) ...................................................................................... 10

**Federal Statutes**

28 U.S.C. § 1292(b) ................................................................................................... 1, 10, 12

**Rules**

Federal Rule of Civil Procedure 12(b)(2) ................................................................................. 11

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

## I. INTRODUCTION

United States Code chapter 28, section 1292(b) allows a district court to certify an order for interlocutory appeal if the order involves (1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) may materially advance the ultimate termination of the ligation. 28 U.S.C. §1292(b). ATG Electronics, Inc. ("ATG") more than satisfies this standard in its Motion to Amend this Court's June 24, 2016 Order ("Motion to Amend"). In an attempt to rebut ATG's Motion to Amend, MaxLite, Inc.'s ("MaxLite") Opposition misconstrues the question ATG seeks to certify, misstates this and other relevant cases, and, in doing so, generally misapplies the appropriate standard this court utilizes when considering whether to certify a question for interlocutory appeal.

First, MaxLite does not directly rebut that the question ATG requests this court certify for interlocutory appeal is a controlling question of law. All that is required to satisfy this prong of the analysis is for the appellant to show that the order would involve reversible error on appeal. It is both logical and well-settled that if a court order's analysis led to the incorrect exercise of personal jurisdiction, that order would be reversible on appeal. ATG is asking this court to certify for interlocutory appeal the following question:

> [W]hether a district court may assert personal jurisdiction over a nonresident defendant on the basis of the defendant's knowledge of a forum selection clause contained in a contract to which the defendant was a non-signatory under the narrow *Calder* effects test adopted by the United States Supreme Court and the Third Circuit Court of Appeals. (ATG's Mot. 1, ECF No. 150.)

Rather than concede that this is a controlling question of law, MaxLite argues that ATG is inappropriately asking this court or the Third Circuit to reconsider the factual record regarding business that ATG allegedly directed at New Jersey. This is erroneous. This question has no disputed facts. There can be no reasonable dispute that this question is a controlling question of law.

Second, MaxLite's incorrect assertions in its Opposition fail to rebut that there is a substantial ground for a difference of opinion about the question ATG requests that this court certify for interlocutory appeal. For instance, MaxLite's Opposition asserts that there is only one *Calder* Effects Test while the Supreme Court, Third Circuit, and cases MaxLite cites in its Opposition explicitly state there are variations. As another example, MaxLite asserts that there is no genuine doubt about the correct legal standard to apply while, at the same time, tacitly admitting that the court was forced to rely on cases from outside of this jurisdiction to reach its decision. Last, MaxLite asserts that "at no point in this litigation has there been a difference in opinion between the District Court Judges" (MaxLite's Opp., p. 12) while ignoring that Judge Wigenton did not find ATG's tenuous connection to the employee defendants' contracts enough to exercise personal jurisdiction over ATG. In making each of its assertions, MaxLite forgets that ATG must merely demonstrate that reasonable jurists may have a difference of opinion on how to resolve this novel question of law. ATG has more than met its burden for this prong of the analysis.

Third, MaxLite fails to rebut that if the Third Circuit finds this court may not exercise personal jurisdiction over ATG, this result may materially advance the termination of ATG's role in this action. Again, it is both logical and well-settled such a decision may materially advance the termination ATG's role in this action. Again, rather than concede a prong of the analysis, MaxLite makes arguments regarding its own convenience, the time this threshold issue has before the court, and the number of this filings in this case. All of these arguments are irrelevant and rebutted by the very cases MaxLite cites.

For all of the reasons set forth in ATG's Motion and herein, ATG respectfully requests that this Court certify this question of law for appeal to the Third Circuit.

## II. ARGUMENT

### A. ATG Is Requesting That This Court Certify A Dispositive And Narrow Controlling Question Of Law For Appeal

ATG and MaxLite agree that "[a] controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). It is well-settled that an improper exercise of personal jurisdiction is reversible error on final appeal. *Walden v. Fiore*, 134 S.Ct. 1115, 1126 (2014) (reversing the Ninth Circuit's exercise of jurisdiction because the defendant's minimal contact with the forum "does not suffice to authorize jurisdiction"); *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011) (reversing the New Jersey Supreme Court's exercise of jurisdiction where "its exercise of jurisdiction would violate due process"); and *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 558 (3d Cir. 1993) (reversing district court's denial of motion to dismiss for lack of jurisdiction because "maintenance of the suit would offend 'traditional notions of fair play and substantial justice'"). As such, it is also well-settled that an improper exercise of personal jurisdiction is grounds for an interlocutory appeal. *Conatelli v. Nat'l Hockey League*, 893 F.2d 459, 461 (1st Cir. 1990); *APCC Servs. v. Spring Communs. Co.*, 297 F.Supp.2d 90, 96 (D.D.C. 2003) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)); *Centronics Data Computer Corp. v. Mannesmann*, 432 F.Supp. 659, 668 (D.N.H. 1977); *Max Daetwyler Corp. v. AW German Corp.*, 762 F.2d 290, 291 (3d Cir. 1985); *Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 199 (3d Cir. 1998).

Still, MaxLite argues that in order to satisfy this prong, ATG was required to present the court with a purely legal question—not a factual dispute. (MaxLite's Opp. 2-3, ECF No. 151.) ATG agrees. As stated above, ATG is asking this court to certify for interlocutory appeal the following question:

> [W]hether a district court may assert personal jurisdiction over a nonresident defendant on the basis of the defendant's knowledge of a forum selection clause contained in a contract to which the defendant was a non-signatory under the narrow *Calder* effects test adopted by the United States Supreme Court and the Third Circuit Court of Appeals.

(ATG's Mot. 1.) At this court's request, the parties spent a considerable amount of their briefs discussing this question. (*See, e.g.*, ATG's Mot. to Dismiss 16-29, ECF No. 138-1; MaxLite's Opp. to ATG's Mot. to Dismiss 22-36, ECF No. 141; ATG's Reply to Pl.'s Opp. to ATG's Mot. to Dismiss 5-16, ECF No. 145.) ATG did not then and does not now dispute that it knew of the three employees' non-compete agreements' forum selection clause when it hired them. (ATG's Mot. to Dismiss 17-18; ATG's Reply to Pl.'s Opp. to ATG's Mot. to Dismiss 9; ATG's Mot. 2, 8-9.) This was the basis for the court's denial of ATG's Motion to Dismiss for Lack of Personal Jurisdiction. (Order Den. ATG's Mot. to Dismiss 22, 24, 26, ECF No. 147.) This is a dispute about a controlling question of law—not a factual dispute.

Instead of simply conceding this prong of the analysis, MaxLite ignores the question ATG has presented this court for certification. In doing so, MaxLite creates factual disputes and argues about the possibility the case will continue in California against ATG and in New Jersey against the employee defendants. Simply stated, there are no factual disputes that are relevant to the question that ATG has presented to this court for certification. Moreover, MaxLite's other arguments lack any logical relationship to whether the court's decision to exercise personal jurisdiction, if erroneous, would be reversible error on appeal. *Katz*, 496 F.2d at 755. Accordingly, MaxLite's attempts to demonstrate that ATG has not presented this court with a controlling question of law must fail.

### B. The Question Of Whether A District Court May Assert Personal Jurisdiction Over A Nonresident Defendant On The Basis Of The Defendant's Knowledge Of A Third Party Contract's Forum Selection Clause Provides A Substantial Ground For Difference Of Opinion

As stated by ATG in its Motion to Amend, substantial ground for a difference of opinion on an issue raised by an interlocutory order "exists where reasonable jurists might disagree on an issue's resolution . . . [and] when novel legal solutions are presented, on which fair minded jurists might reach contradictory conclusions." (ATG's Mot. 4 (citing *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) and *United States v. Parcel of Land*, 742 F.Supp. 189, 190 (D.N.J. 1990) (court did not doubt correctness of decision rendered, but "recognize[d] that substantial grounds may exist for a difference of opinion.")).) *See also FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 634-35 (D.N.J. 2014). ATG demonstrated in its Motion to Amend that substantial grounds for a difference of opinion exist because this court (i) used a version of the *Calder* Effects Test that is not accepted by the Third Circuit, (ii) exercised personal jurisdiction based on authority outside of this jurisdiction, and (iii) contradicted the decision of a jurist in this matter on whether the forum selection clause in the employee defendant's contracts could be used to establish personal jurisdiction over ATG. MaxLite trivializes these arguments by referring to them as "[a] mere difference of opinion as to the Court's findings." (MaxLite's Opp. 5.) This statement and MaxLite's other arguments regarding the plainly substantial grounds for difference of opinion are untenable.

### 1. The United States Supreme Court And The Third Circuit Court Of Appeals Both Recognize The Existence Of Various Versions Of The *Calder* Effects Test

MaxLite states, as a heading, that "There is One Version of the Calder Effects Test and this Court Applied it Properly." (MaxLite's Opp. 7.) While MaxLite cites a list of cases that have applied the *Calder* Effects Test, MaxLite fails to acknowledge the nuances of those cases. Indeed, both the United States Supreme Court and the Third Circuit have explicitly acknowledged that there are at least two versions of the *Calder* Effects Test and those versions can lead to substantially different results. *Walden*, 134 S.Ct. at 1124-25 (the Ninth Circuit's approach did not use "the proper lens" and the Ninth Circuit's "approach to the 'minimum contacts' analysis impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis"); *Imo Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 264 (3d Cir. 1998) ("the Seventh Circuit recently endorsed a broader reading of *Calder* . . . [w]e believe that the Seventh Circuit interpreted *Calder* too broadly").

The Third Circuit applies the narrow *Calder* Effects Test. *Imo Industries*, 155 F.3d at 264. The narrow *Calder* Effects test is meant to be more difficult for a plaintiff to satisfy than the broad *Calder* Effects Test. *Id.* at 265. Relevant here, the narrow *Calder* Effects test applied by the Third Circuit "prevents a defendant from being haled into a jurisdiction solely because the defendant intentionally caused a harm that was felt in the forum state if the defendant did not expressly aim his conduct at that state." *Marten v. Goodwin*, 499 F.3d 290, 297 (3rd Cir. 2007). While this court refers to *Imo Industries* in its opinion, its choice to exercise personal jurisdiction over ATG based on ATG's knowledge of the employee defendants' forum selection clause is at odds with this principle of the narrow *Calder* Effects Test. With that said, ATG's Motion to Amend does not ask the court to reconsider its decision; rather, ATG respectfully requests that this court

acknowledge that substantial grounds for a difference of opinion may exist. *Parcel of Land*, 742 F.Supp. at 190.

### 2. The Third Circuit Has Not Yet Enforced A Forum Selection Clause Against A Non-Signatory

Substantial grounds for difference of opinion arise when an issue involves "one or more difficult and pivotal questions of law not settled by <u>controlling</u> authority." *Phillip Morris v. Harshbarger*, 957 F.Supp. 327, 330 (D. Mass. 1997) (emphasis added). Moreover, questions of first impression before a District Court create substantial grounds for difference of opinion. *Lawson v. FMR LLC*, 670 F.3d 61, 62 (1st Cir. 2010); *Pension Benefit Guaranty Corp. v. Ouimet Corp.*, 630 F.2d 4, 6 (1st Cir. 1980).

This court's opinion and MaxLite's Opposition rely on *Astro-Med, Inc. v. Nihon Kohden, America, Inc.*, 591 F.3d 1 (1st Cir. 2009), and *Radian Guaranty Incorporated v. Bolen*, 18 F.Supp.3d 635 (E.D.Pa. 2014), to support the enforcement of a forum selection clause against a non-signatory because both cases involve "analogous facts." (MaxLite's Opp. 9.) ATG does not deny this. Conversely, MaxLite cannot deny that there are numerous other cases where a non-signatory was not bound by a forum selection clause. *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1296 (3d Cir. 1996); *Burtch v. Security Pac. Bank Oregon (In re Mushroom Transp. Co.)*, 247 B.R. 395, 398-99 (E.D.Pa. 2000); *Lawyers Funding Grp., LLC v. Harris*, 2016 U.S. Dist. LEXIS 6650, *25 (E.D.Pa. 2016); *RK Envtl., LLC v. Lloyd*, 2015 U.S. Dist. LEXIS 166144, *24 (D.N.J. 2015). However, the present analysis does not require a resolution of this substantial difference of opinion. Rather, the present analysis requires an acknowledgement of this substantial difference of opinion and an acknowledgement that the New Jersey District Court could not rely on <u>controlling</u> authority to resolve this pivotal question

30376.00001\29126113.6   7

of law and was forced to choose from two diametrically opposed ways in which to resolve this legal question.

### 3. Contrary To MaxLite's Assertion, The District Court Has Demonstrated Two Different Approaches To Whether The Employee Defendant's Forum Selection Clause Allows The Court To Exercise Personal Jurisdiction Over ATG

MaxLite's argument that the District Court Judges in this case have not disagreed about whether the employee defendant's forum selection clause can be used to exercise personal jurisdiction is erroneous. (MaxLite's Opp. 11.) Indeed, a brief history of ATG's original and supplemental Motion to Dismiss for Lack of Personal Jurisdiction demonstrates that the District Court took two different approaches to this question which led to two different results.

When considering ATG's original Motion to Dismiss for Lack of Personal Jurisdiction, Judge Wigenton did not find the employee defendant's forum selection clause applicable to ATG. Judge Wigenton was aware of the forum selection clauses in the employee defendant's contracts and, in fact, used those forum selection clauses as a significant part of her rationale to exercise personal jurisdiction over the employees. However, when addressing that contract and its relationship to ATG, Judge Wigenton stated the following:

> I do think, however, ATG stands in a bit of a different posture. There is no contract between ATG and MaxLite. There is very speculative sort of, the arguments that relate to what ATG has done in the State of New Jersey. It's no question that they do not maintain an office here and do not do any substantial business here. But as to whether there would be specific jurisdiction over ATG, I do believe that some jurisdictional discovery would have to take place prior to the Court being able to make a conclusive decision as it relates to jurisdiction over ATG. But as I already indicated, I do not think that that's the case as it relates to the individual defendants.

(Tr. of Hr'g on Df.'s Mot. to Dismiss 805-16, ECF No. 141-4. (emphasis added).) Said differently, Judge Wigenton knew of the forum selection clause in the employee defendant's contracts and did not believe that they merited the court's exercise of personal jurisdiction over ATG in spite of MaxLite's arguments to the contrary.[1]

Taking a different approach, on February 19, 2016, Magistrate Judge Mannion requested that the parties address *Radian* when they submit their supplemental briefing on the Motion to Dismiss for Lack of Personal Jurisdiction. (Am. Scheduling Order 2, ECF No. 131.) As discussed above, *Radian* is not controlling. *Supra*, § II.B.2. Nevertheless, both parties spent a significant amount of their arguments addressing *Radian* in their briefs. (ATG's Mot. to Dismiss 15-17, 22; MaxLite's Opp. to ATG's Mot. to Dismiss 27, 30-33; ATG's Reply to Pl.'s Opp. to ATG's Mot. to Dismiss 10.) Then, when the District Court issued its order denying ATG's Supplemental Motion to Dismiss for Lack of Personal Jurisdiction, the court relied on not only *Radian* but also *Astro-Med*—a case that neither party addressed in its briefs and also is not controlling. (Order Den. ATG's Mot. to Dismiss 18-20, 22.)

In sum, fair minded jurists in this District Court have taken two different approaches to the same legal question and have reached contradictory results—one

---

[1] In its original Opposition to ATG's Motion to Dismiss for Lack of Personal Jurisdiction, MaxLite argued the following:

> Plaintiff has alleged both tortious interference of contractual relationships and tortious interference of present and prospective business advantage against all Defendants. ATG hired Employee Defendants, thereby inducing them to breach the terms of their Employee Agreement, <u>which are governed by the laws of New Jersey</u>. (MaxLite's Original Opp. to ATG's Mot. to Dismiss 22-23, ECF No. 20.)

in ATG's favor and one against ATG. *Reese*, 643 F.3d at 688. As stated by the court in *Katz*, "Certainly the instant case involves an order over which a difference of opinion might exist since it took two district court opinions to arrive at a decision." 496 F.2d at 755. Therefore, there exists a substantial difference of opinion, even within this court, regarding whether ATG's knowledge of the employee defendants' forum selection clause merits this court's exercise of personal jurisdiction.

### C. Certification Of The Question ATG Presented This Court For Appeal May Materially Advance The Termination Of ATG's Participation In This Litigation

Pursuant to 28 U.S.C. § 1292(b), the third prong in this court's analysis of whether to certify a question for interlocutory appeal is whether "an immediate appeal from the order <u>may</u> materially advance the ultimate termination of the litigation." *Id.* (emphasis added). Notably, the statutory criteria is worded in terms of "may," in that even if there is some doubt that appellate resolution will not facilitate advance termination of the litigation, certification <u>may</u> still be appropriate. *Reese*, 643 F.3d at 688 (holding that "neither 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may' materially advance the litigation"); *FTC Wyndam Worldwide Corp.*, 10 F. Supp. 3d at 635-36 (finding that the third criterion was met despite movant "conced[ing] that an interlocutory appeal will not eliminate the need for trial"); *A.S. v. SmithKline Beecham Corp.*, 2013 U.S. Dist. LEXIS 173975, *8. As such, threshold legal questions such as subject matter jurisdiction or personal jurisdiction satisfy the third prong of the analysis even though the appellate court may identify for the plaintiff how it can cure its defective pleading and allow it to try to prevent the ultimate termination of the litigation by moving to a different forum. *Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 881 (2d Cir. 1995)

(explaining that subject matter jurisdiction was a threshold issue); *Ruhgras Ag v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) (treating personal jurisdiction as a threshold matter); *see also Wolstenholme v. Bartels*, 511 Fed. Appx. 215, 217-18 (3d Cir. 2013).

The narrow question that ATG has presented to this court for certification relates to a properly filed Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). As has been well-settled since *International Shoe v. Washington*, a court's exercise of personal jurisdiction raises constitutionally protected due process concerns. 326 U.S. 310, 311 (1945); *Imo Industries*, 155 F.3d at 268. These constitutionally protected due process concerns do not disappear simply because an appeal could result in an inconvenient result for the plaintiff (MaxLite's Opp. 13-14)[2], it took the court more time than typical to decide this threshold issue (MaxLite's Opp. 14)[3], or numerous documents

---

[2] The heart of the minimum contacts test is whether due process is afforded to the nonresident defendant, not whether asserting personal jurisdiction over the nonresident defendant is convenient for the plaintiff. *Walden*, 134 S.Ct. at 1122 ("[d]ue process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties.").

[3] MaxLite cites an unpublished case for the proposition that "a critical factor is whether the interlocutory appeal will cause excessive delay." (MaxLite's Opp. 14-15 (citing *Shevlin v. Phoenix Ins. Co.*, 2015 WL 348552, at *6 (D.N.J. 2015) (citing *Hulmes v. Honda Motor Co., Ltd.*, 936 F.Supp. 195, 212 (D.N.J. 1996))).) This argument is disingenuous for two reasons. One, MaxLite forgets that this matter was "unnecessarily delayed" (MaxLite's Opp. 14) because this court found on April 29, 2015, that "Plaintiff has not presented sufficient evidence to meet its burden of showing that Defendant ATG has contacts with the State of New Jersey sufficient for this this [sic] Court to exercise *in personam* jurisdiction over ATG" but that the court would hold that ruling in abeyance to allow MaxLite to conduct limited jurisdictional discovery. (Order Den., In Part, Def.'s Mot. to Dismiss, ECF No. 63, 2.) ATG certainly would have preferred that the Court not hold that finding in abeyance and should not be punished for that result. Two, excessive delay does not mean what MaxLite suggests. It is not excessive delay when a question "ar[ises]

were filed before the court decided this threshold issue (MaxLite's Opp. 14-15)[4]. Indeed, and contrary to MaxLite's Opposition, none of these arguments relate to the dispositive question of whether an immediate appeal of the court's denial of ATG's Motion to Dismiss for Lack of Personal Jurisdiction may materially advance the ultimate termination of ATG's participation in this action. 28 U.S.C. § 1292(b). MaxLite does not directly address this issue because it cannot directly address this issue. Therefore, ATG's request for a certification of its narrow question related to its Motion to Dismiss for Lack of Personal Jurisdiction satisfies the third prong of the interlocutory appeal analysis.

### III. CONCLUSION

For the reasons stated herein and in its Motion to Certify, ATG respectfully requests that this Court certify its Order for interlocutory appeal and amend its Order to state that the necessary conditions for interlocutory appeal under 28 U.S.C. § 1292(b) have been met.

---

early in the procedural history of the case." *Hulmes*, 936 F.Supp. at 211 (citing *Katz*, 496 F.2d at 747). Rather, excessive delay occurs where discovery has concluded and/or trial is imminent. *Id.* Here, trial is not imminent, discovery has not concluded, and, in spite of the fact that there have been over 150 documents filed in this case, this interlocutory appeal relates to a 12(b)(2) motion filed before ATG has even been required to file an answer.

[4] MaxLite argues that ATG's appeal does not fit the "classic situation for certification" because it is not one where an appellate court can "decide quickly and cleanly without having to study the record." *Shevlin*, 2015 WL 348552 at * 6. This is incorrect. The narrow question of law that ATG requests that this court certify for appeal does not require a review of the "150 documents filed in this matter" and, as set forth more fully above (*supra*, § II.A), has no disputed facts and is purely a question of law.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

| | | |
|---|---|---|
| Dated: | August 8, 2016 | BRODY AND ASSOCIATES, LLC |

By: s/ ALEXANDER FRIEDMAN
ALEXANDER FRIEDMAN
Attorney for Defendant
ATG ELECTRONICS, INC.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

30376.00001\29126113.6                    13