UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**OPINION NOT FOR PUBLICATION**

MAXLITE, INC., a New Jersey Corporation,
f/k/a SK AMERICA, INC., d/b/a MAXLITE,

    *Plaintiff,*

v.

ATG ELECTRONICS, INC., JAMES D.
STEEDLY, SOPHIA C. GALLEHER, and
MATTHEW KIM,

    *Defendants.*

Civil Action No. 15-1116

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on Defendant ATG Electronics, Incorporated's ("ATG") motion to amend this Court's Order and certify a question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff MaxLite, Incorporated ("MaxLite") opposes the motion.[1] Defendant's motion seeks an interlocutory appeal of this Court's Opinion and Order finding that it had personal jurisdiction over Defendant. *See* D.E. 147, 148. This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions and, for the reasons stated below, the motion is denied.

---

[1] Defendant's brief in support of its motion will be referred to hereinafter as "Def. Br." (D.E. 150), Plaintiff's opposition will be referred to hereinafter as "Pl. Opp." (D.E. 151), and Defendant's reply brief will be referred to hereinafter as "Def. Reply" (D.E. 155).

## I. BACKGROUND

On February 12, 2015, MaxLite filed its initial Complaint in this matter against Defendants Sophia C. Galleher ("Galleher"), Matthew Kim ("Kim"), James D. Steedly ("Steedly") (together, "Employee Defendants"), and ATG. D.E. 1. MaxLite filed an Amended Complaint on June 23, 2015. D.E. 87.[2] On March 12, 2015, prior to the filing of the FAC, ATG and the Employee Defendants moved to dismiss the Complaint for lack of personal jurisdiction or, in the alternative, to transfer the case to the Central District of California. D.E. 17. Oral argument was held on April 21, 2015 before Judge Wigenton. D.E. 56. Judge Wigenton denied the motion as to the Employee Defendants, finding their contacts with the State of New Jersey sufficient to allow the court to exercise *in personam* jurisdiction over them. D.E. 63 ¶ 1. However, Judge Wigenton found that MaxLite had "not presented sufficient evidence to meet its burden of showing that Defendant ATG has contacts with the State of New Jersey sufficient for this Court to exercise *in personam* jurisdiction over ATG." *Id.* ¶ 2. Yet, the Court permitted Plaintiff to "conduct limited jurisdictional discovery on the issue." *Id.* ¶ 9. Judge Wigenton denied the motion to transfer as to the Employee Defendants and held in abeyance her ruling as to ATG pending the outcome of the discovery. *Id.*

Following jurisdictional discovery, ATG again moved to dismiss the FAC for lack of personal jurisdiction. D.E. 138. This Court issued an Opinion and Order finding that it had personal jurisdiction over ATG. *See* D.E. 147, 148. While the Court found that it did not have general jurisdiction over ATG, it held there were sufficient contacts to have specific jurisdiction.

---

[2] Plaintiff's First Amended Complaint will be referred to hereinafter as "FAC" (D.E. 87).

2

*Id.* Defendant proceeded to file the current motion, seeking leave to amend the Court's Order and file an interlocutory appeal on the issue of personal jurisdiction over ATG. Def. Br.

## II.   LEGAL STANDARD

The statute governing interlocutory appeals, 28 U.S.C. § 1292(b), provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order[.]

Thus, a district court may certify a non-final order for interlocutory appeal where the order: "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (internal quotation marks omitted). A controlling question of law is one in which, either: (1) "if erroneous, would be reversible error on final appeal;" or (2) is "serious to the conduct of litigation, either practically or legally." *Id.* at 755. "[Q]uestions about a district court's application of facts of the case to established legal standards are not controlling questions of law for the purposes of section 1292(b)." *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007).

A substantial ground for difference of opinion must arise "out of genuine doubt as to the correct legal standard." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). Mere disagreement with the district court's ruling is not enough. *Id.* Rather, "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's

3

resolution, not merely where they have already disagreed." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Therefore, "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.*

Lastly, certification would materially advance the ultimate termination of the litigation "where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome." *F.T.C. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 635 (D.N.J. 2014). This element does not require a movant to establish that an appeal would *guarantee* termination of the litigation, but rather "requires the court to analyze whether an immediate appeal *may* materially advance the termination of the litigation." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, No. 13-2382, 2013 WL 6506570, at *3 (M.D.Pa. Dec. 12, 2013) (emphasis in original).

The burden is on the movant to demonstrate that all three requirements are met. *Piacentile v. Thorpe*, No. 12-7156, 2016 WL 3360961, at *2 (D.N.J. June 8, 2016). However, even if all three criteria are met, "the district court may still deny certification, as the decision is entirely within the district court's discretion." *Id.* Further, Section 1292(b) "is to be used sparingly and only in exceptional circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." *Acosta v. Pace Local I-300 Health Fund*, No. 04-3885, 2007 WL 1074093, at *1 (D.N.J. Apr. 9, 2007) (internal quotation marks omitted); *see also Kapossy*, 942 F. Supp. at 1001 (stating that interlocutory appeal is "used sparingly" since it is "a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation") (internal quotation marks omitted).

4

## III.  DISCUSSION

Defendant argues that all three elements have been met, while Plaintiff counters that none have. The Court determines that Defendant has failed to meet its burden as to the second element. As a result, the Court does not reach the first or third element, and denies the motion.

Defendant asks the Court to certify the following question: "whether a district court may assert personal jurisdiction over a nonresident defendant on the basis of the defendant's knowledge of a forum selection clause contained in a contract to which the defendant was a non-signatory under the narrow *Calder* effects test adopted by the United States Supreme Court and the Third Circuit Court of Appeals." Def. Br. at 1.

The fundamental flaw in Defendant's request is that the issue it asks the Court to certify does not accurately reflect the Court's opinion. The material omissions from the proposed question are numerous. As to the forum selection clause, Defendant omits that: it was contained in an employment agreement, the employment agreement also contained non-solicitation and non-competition clauses, Defendant was aware of the contract's provisions before offering positions to its competitor's (MaxLite's) employees, Defendant paid for New Jersey counsel to review the contract before hiring Plaintiff's employees, and Defendant knew that Plaintiff was headquartered in New Jersey. *See* D.E. 147, at 7-10. Defendant further omits that it was competing with Plaintiff in New Jersey and, critically, at least one of the employees hired was tasked with increasing Defendant's business in New Jersey. *Id.* at 11-12. Indeed, one of the employees recruited a salesperson who formerly represented Plaintiff. *Id.* at 12. The same employee streamlined Defendant's sales process in New Jersey. *Id.* These are not all of the critical facts omitted from Defendant's request, but the crucial omissions only serve to underscore the shortcomings of Defendant's motion.

Defendant raises three arguments in support of the second element: the Court did not apply the proper legal standard, the Third Circuit has not enforced a forum selection clause against a non-signatory, and the Court itself has expressed concern over whether personal jurisdiction exists. Def. Br. at 4-11. Each argument will be addressed in turn.

Defendant argues that the Third Circuit has endorsed a "narrow" *Calder* effects test, which the Court did not apply. *Id.* at 4-6. By way of background, as was discussed at length in the Court's Opinion, the test stems from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), and sets forth the standards for a finding specific personal jurisdiction when an intentional tort is asserted. *See* D.E. 147, at 17. In *IMO Industries, Incorporated v. Kiekert AG*, the Third Circuit addressed the *Calder* effects test and noted the majority of Circuits adopted a "narrow construction," while one Circuit – the Seventh – adopted a broader view. 155 F.3d 254, 261-64 (3d Cir. 1998). The Third Circuit followed the majority of Circuits, adopting the narrow view of *Calder*. *Id.* at 264-65.

As pertinent to this case, the Court did not follow the Seventh Circuit's view which was rejected by the Third Circuit. Instead, the Court followed *IMO*, expressly citing the relevant language in the Court's Opinion. D.E. 147 at 17. Thus, Defendant's argument that the Court applied the wrong standard is simply erroneous.

Defendant also claims that while the Court may have cited to *IMO*, it actually applied the broader Seventh Circuit standard because the Court did not pay heed to the third element of the Third Circuit's *Calder* effects test – that the defendant expressly aimed its tortious conduct at the forum such that the forum can be said to the focal point of the tortious activity. Def. Br. at 6. Again, Defendant is mistaken. The Court faithfully analyzed and applied the third element. *See* D.E. 147 at 26-27.

Defendant's second argument is that the "Third District [sic] has not yet enforced a forum selection clause against a non-signatory." Def. Br. at 7-9. Initially, Defendant's argument suffers from the same ailments as the question it seeks to certify. The Court did not find it had personal jurisdiction over Defendant by way of enforcing the forum selection clause in the employment agreements. In short, the Court did not find personal jurisdiction through the "closely related party" doctrine. That doctrine permits non-signatories to a contract to be bound by a contract if they are closely related to the signatories. *See D'Elia v. Grand Caribbean Co., Ltd.*, No. 09-1707, 2010 WL 1372027, at *3 (D.N.J. Mar. 30, 2010) ("In the Third Circuit, a non-signatory party may enforce a forum selection clause in a contract if that party is a third-party beneficiary of the contract or is closely related to the contractual relationship or dispute such that it is foreseeable that the party will be bound.").

Instead, the Court ruled that the forum selection clause, along with Defendant's knowledge of it and legal review, was a factor that contributed to the finding of personal jurisdiction. But the Court never ruled that the forum selection clause, standing alone, subjected Defendant to the jurisdiction of this Court. D.E. 147 at 24 (finding that "ATG knew of the Agreements, knew of their key provisions (non-competition, non-solicitation, confidentiality, choice of law, and forum selection), and paid for attorney review" was relevant to a finding of specific personal jurisdiction).

Two related points by Defendant reflect why this argument misses the mark. First, Defendant repeatedly cites the Third Circuit's decision in *Dayhoff Incorporated v. H.J. Heinz Company*, 86 F.3d 1287 (3d Cir. 1996), for support. However, in *Dayhoff*, the Third Circuit found that there *was* specific personal jurisdiction over a non-signatory to a contract. *Id.* at 1287. Defendant's apparent confusion seems to stem from another issue decided in *Dayhoff* – the enforceability of an arbitration clause. In reference to the arbitration clause, Defendant is correct

7

that the Third Circuit ruled that it could only be enforced against signatories to the actual agreement. *Id.* at 1296. The Court found that plaintiff had not proven facts under the "closely related party" doctrine to enforce it against non-signatories. *Id.* However, as to the issue of personal jurisdiction, the Third Circuit ruled that the District Court had specific jurisdiction over a non-signatory to a contract because (1) the claim asserted was the intentional tort of tortious interference with contract; (2) the contracts themselves were performed in the district, and (3) the non-signatory sent a termination letter to the district. *Id.* at 1301-03.

Second, and as noted, Defendant's claim that the Court relied solely on the forum selection clause to find personal jurisdiction is misplaced. The Court made several additional factual findings in support of its decision. In its moving papers, Defendant simply states that the additional facts are "*de minimis.*" Def. Br. at 9. Of course, such a claim is merely conclusory. Defendant utterly fails to conduct an analysis of the additional facts found by the Court in support of its ruling. These facts, as discussed above, include that Defendant was competing in New Jersey with Plaintiff and, critically, at least one of the employees hired was tasked with increasing Defendant's business in New Jersey. In fact, one of the employees recruited a salesperson who formerly represented Plaintiff. The same employee hired a new salesperson to also increase business in New Jersey. The same employee streamlined Defendant's sales process in New Jersey. Defendant's failure to address these critical factual findings, merely labeling them "*de minimis,*" does not permit the Court to adequately assess Defendant's concerns and certainly disfavors a finding that Defendant has met the second element.

Lastly, in support of the second element, Defendant argues that the Court has expressed concerns regarding the correct legal standard and various judges previously presiding over this matter have disagreed whether personal jurisdiction over Defendant exists. *Id.* at 9-11. Before

being transferred to the undersigned, Judge Wigenton noted that there was no contract between Defendant and Plaintiff. Judge Wigenton then found that "as to whether there would be specific jurisdiction over ATG, I do believe that some jurisdictional discovery would have to take place prior to the Court being able to make a conclusive decision as it relates to jurisdiction over ATG." D.E. 141-4, Tr. 80:10-80:14.

First, the Court is unable to find any support for Defendant's claim that Judge Wigenton expressed concerns over the correct legal standard. This Court did not express such concerns in its Opinion. Moreover, the Court can find no disagreement with Judge Wigenton as to the existence of personal jurisdiction over Defendant. It goes without saying, if Judge Wigenton had conclusively found that there was no personal jurisdiction over Defendant, she would have dismissed them from the case. She did not. Instead, she ordered jurisdictional discovery. Based on the facts uncovered during the discovery, along with other already known facts, the Court found that there was personal jurisdiction. The Court fails to see any disagreement with Judge Wigenton.

### IV. CONCLUSION

In sum, this Court **DENIES** Defendant's motion to amend this Court's Order and certify a question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). An appropriate order accompanies this opinion.

**Date:** January 17, 2017

JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE