**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAXLITE, INC.,

*Plaintiff*,

v.

ATG ELECTRONICS, INC., et al.,

*Defendants*.

Civil Action No. 15-1116 (JMV) (JBC)

**OPINION AND ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before this Court on the March 15, 2018 Report and Recommendation ("R&R") of Magistrate Judge James B. Clark. D.E. 185. The R&R addressed an order to show cause filed by Defendants James D. Steedly, Sophia D. Galleher, and Matthew Kim (collectively, the "Employee Defendants") requesting (1) leave to file a verified crossclaim seeking a declaratory judgment that Defendant ATG Electronics, Inc. ("ATG") is responsible for all past and future legal costs incurred by the Employee Defendants in connection with this litigation; and (2) the entry of a preliminary injunction compelling ATG to continue payment of the Employee Defendants' legal fees and costs until they are relieved of their obligation to pay by the Court (the "Application"). D.E. 109. The R&R recommends that the Employee Defendants' request for leave to file their crossclaim be granted and the Employee Defendants' request for a preliminary injunction be

denied. D.E. 185. The Court reviewed all relevant documents and submissions,[1] and for the reasons stated below, the Court adopts the R&R (D.E. 185) in its entirety.

## I. FACTUAL BACKGROUND

The factual details of this dispute are explained in detail in the R&R. D.E. 185. In sum, the current dispute centers on whether ATG is responsible for legal fees incurred by the Employee Defendants after they left their former employer to join ATG. The Employee Defendants claim that ATG is responsible for the fees because ATG previously agreed to take responsibility for legal costs incurred by the Employee Defendants upon leaving to work for ATG. ATG argues that it is not obligated to pay the Employee Defendants' legal fees because (1) the dictates of *In re Grand Jury Investigation*, 200 N.J. 481 (2009) do not apply to this case, and because (2) even if *Grand Jury* applied, there is no formal agreement between ATG and the Employee Defendants under which ATG agreed to pay the legal fees.

## II. PROCEDURAL HISTORY

On September 9, 2015, the Employee Defendants submitted an application for an order to show cause (the "Application"). D.E. 109. ATG filed opposition on October 16, 2015. D.E. 111. On November 13, 2015 Judge Steven C. Mannion held oral argument on the Application. On February 29, 2016, before a decision was made on the Application, the case was transferred to this Court. D.E. 132. On April 8, 2016, Judge Clark stayed the Employee Defendants' Application pending disposition of ATG's motion to dismiss. D.E. 139. On June 24, 2016, this Court denied ATG's motion to dismiss. D.E. 147, 148.

---

[1] The Court reviewed the following documents: the Employee Defendants' underlying application (D.E. 109), ATG's opposition (D.E. 111), Judge Clark's Report and Recommendation (D.E. 185), ATG's objections to the Report and Recommendation (D.E. 187), and the Employee Defendants' reply (D.E. 188).

2

Judge Clark set oral argument on the Application for March 30, 2017. D.E. 167. The oral argument was adjourned until April 17, 2017 and the Court allowed the parties to submit supplemental briefing. D.E. 170. Oral argument was again adjourned, and eventually held on May 3, 2017. D.E. 179. Judge Clark issued his R&R on March 15, 2018. D.E. 185. ATG filed its opposition to the R&R on March 29, 2018, D.E. 187, and the Employee Defendants replied on April 14, 2018, D.E. 188.

**III. LEGAL STANDARD**

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within 14 days of service. The district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *2 (D.N.J. Oct. 12, 2012). The district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2); *see Edelson*, 2012 WL 4891695, at *2. "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Edelson*, No. 11-5802, 2012 WL 4891695, at *3 (internal quotations, citations, and brackets omitted). "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed.R.Civ.P. 72 Advisory Committee's Notes).

3

## IV. ANALYSIS

The Employee Defendants' crossclaim seeks a declaratory judgment as to the following relief:

> (a) A temporary order enjoining and restraining Defendant ATG from unilaterally terminating its obligation to pay the Employee Defendants' reasonable legal fees and costs . . . until and unless [ATG] obtains the Court's permission to be relieved of its obligation by demonstrating sufficient "good cause" as required by New Jersey law; and
> (b) A permanent order compelling Defendant ATG to fulfill its obligation by continuing to pay Pashman Stein P.C. its legal fees and costs in connection with representing the Employee Defendants for the duration of the litigation; and
> (c) For such other and further relief as the Court deems just and proper.

R&R at 15.

Judge Clark explained that under *Grand Jury*, questions regarding third-party payment for the representation of other parties are handled via "summary action," but that there is no parallel procedure in federal courts. R&R at 15-16. Accordingly, Judge Clark first granted the Employee Defendants' request for leave to amend their Answer to assert their crossclaim against ATG seeking declaratory relief under *Grand Jury*, and then examined the requested preliminary injunction.

The Court agrees. Neither party opposes the R&R's recommendation to grant the Employee Defendants leave, and the Court finds no clear error or manifest injustice in the decision. Accordingly, the Court adopts Judge Clark's recommendation to grant the Employee Defendants leave to file their crossclaim.

Judge Clark then turned to the merits of the Employee Defendants' request for a preliminary injunction. As Judge Clark observed, in order to determine whether a preliminary injunction should issue, a district court must find the following:

4

> (1) the plaintiff shows that it is likely to succeed on the merits; (2) the plaintiff establishes that it is likely to suffer irreparable harm absent issuance of the injunction; (3) the balance of equities does not disfavor granting an injunction; and (4) public interest concerns do not outweigh the interests advanced by issuance of the injunction.

*Fres-co Sys. USA, Inc. v. Hawkins*, 690 F. App'x 72, 75 (3d Cir. 2017) (internal citation omitted). Injunctive relief is "an extraordinary remedy" only granted "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted).

Judge Clark determined that while the Employee Defendants could show a reasonable probability of success on the merits, the Employee Defendants could not make the requisite showing of irreparable harm. "The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000). "In general, to show irreparable harm a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994) (quotation omitted).

Judge Clark reasoned that the Employee Defendants could not show irreparable harm because generally fee disputes do not rise to the level of irreparable harm, because there are no "existing or threated criminal charges against the Employee Defendants," because the Employee Defendants' potential civil liability is not extraordinary, and because the claims in this matter and their underlying facts are not particularly complex. R&R at 30-32. Additionally, Judge Clark found that the matter is not particularly close to trial or any other critical period of litigation. R&R at 32.

Neither the Employee Defendants nor ATG[2] object to the ultimate conclusion that the Employee Defendants could not show irreparable harm. *See* D.E. 187, 188. Accordingly, after reviewing Judge Clark's recommendation, and finding that it is not clearly erroneous or manifestly unjust, the Court adopts Judge Clark's recommendation to deny the Employee Defendants' request for a preliminary injunction.

## V. CONCLUSION AND ORDER

For the foregoing reasons, and for good cause shown,

**IT IS** on this 14th day of May, 2018,

**ORDERED** that the Court adopts the Report and Recommendation (D.E. 185) in its entirety; and it is further

**ORDERED** that the Employee Defendants' application for leave to file their Crossclaim is **GRANTED**; and it is further

**ORDERED** that the Employee Defendants' request for an entry of a preliminary injunction is **DENIED**.

Dated: May 14, 2018

John Michael Vazquez, U.S.D.J.

---

[2] ATG "agrees with the conclusion of the Report that a preliminary injunction should not issue" but takes issue with Judge Clark's underlying reasoning and "requests that the Court reject the reasoning in the report which seeks to extend the application of *Grand Jury* beyond what was intended by the New Jersey Supreme Court." D.E. 187 at 1. ATG contends that "*Grand Jury* is completely inapplicable to the facts at hand." *Id*. While the Court need not address ATG's objections to Judge Clark's underlying reasoning because ATG agrees with Judge Clark's recommendations, the Court notes that it finds no issues with Judge Clark's analysis of *Grand Jury* and its application to the facts of this case. With that said, the R&R merely finds a reasonable likelihood of success on the merits, not actual success on the merits. In other words, the issue has not yet been adjudicated to conclusion.