Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXLITE, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> ATG ELECTORICS, INC., et al., <br><br> *Defendants.* | Civil Action No. 15-1116 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court is a motion by Defendants James D. Steedy, Sophia C. Galleher, and Matthew Kim ("Employee Defendants") against Defendant ATG Electronics, Inc. ("ATG") seeking an order compelling ATG to pay Employee Defendants' legal fees associated with this case. D.E. 202. Employee Defendants bring their motion pursuant to Fed. R. Civ. P. 56 and the New Jersey Supreme Court's decision in *In re State Grand Jury Investigation*, 200 N.J. 481, 497 (2009), which stated that an "employee shall have the right, via a summary action, for an order to show cause why [a] third-party payer should not be ordered to pay [previously agreed to] fees and expenses." *Id.* The Court reviewed all submissions in support and opposition to this motion,[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, the Employee Defendants' motion is denied.

---

[1] Employee Defendants' brief in support of their motion will be referred to as "EE Br.," D.E. 202-2; ATG's opposition will be "ER Opp'n," D.E. 214; Employee Defendants' reply will be "EE Reply," D.E. 224. Employee Defendants' supplemental brief will be "EE Supp. Br.," D.E. 270-1; ATG's response will be "ER Supp. Resp.," D.E. 274. ATG's supplement brief will be "ER Supp. Br.," D.E. 269; Employee Defendants' response will be "EE Supp. Resp.," D.E. 273-1.

## I. INTRODUCTION[2]

The facts of this matter are detailed extensively in Magistrate Judge Clark's Report & Recommendation for Employee Defendants' application for a preliminary injunction compelling ATG to pay Employee Defendants' legal fees, D.E. 185, which the Court incorporates by reference. By way of brief review, Plaintiff MaxLite, Inc. alleges that Employee Defendants violated restrictive covenants with Plaintiff by leaving Plaintiff to join ATG, a competitor in the lighting industry, and sharing Plaintiff's confidential information with ATG. D.E. 1. Plaintiff filed its Complaint against Defendants on February 12, 2015, D.E. 1; its Amended Complaint on June 23, 2015, D.E. 87; and its Second Amended Complaint ("SAC") on July 11, 2018, alleging eight Counts: (I) breach of contract against Employee Defendants; (II) breach of implied covenant of good faith and fair dealing against Employee Defendants; (III) conversion and misappropriation against Employee Defendants; (IV) unfair competition/breach of duty of loyalty against Employee Defendants; (V) tortious interference with contractual relations against all Defendants; (VI) tortious interference with present and perspective business advantage against all Defendants; (VII) civil conspiracy against all Defendants; and (VIII) unjust enrichment against ATG, D.E. 222 ("SAC") ¶¶ 91-129.

The issue in the current motion, however, relates solely to whether ATG is obligated to continue paying the legal fees of Employee Defendants in this matter. EE Br. at 2-6. Employee Defendants first brought this issue before the Court on September 6, 2015, via an application for

---

[2] To the extent that the facts are not in dispute, the Court relies upon Employee Defendants' statement of material facts ("EE SOMF"), D.E. 202-1. The Court, at relevant times, also relies upon ATG's response to Employee Defendants' statement of material facts ("ER RSOMF"), D.E. 214-21; ATG's counterstatement of material facts ("ER CSOMF"), D.E. 214-1; and underlying exhibits. To the extent relevant, The Court also references prior opinions issued by the Court in this case.

2

an order to show cause, seeking a preliminary injunction compelling such payment. D.E. 109. On March 15, 2018, Magistrate Judge Clark issued a Report & Recommendation denying Employee Defendants' application, finding that Employee Defendants failed to make the requisite showing of irreparable harm. D.E. 185. The Court then adopted this Report & Recommendation on May 14, 2018. D.E. 189.

On May 15, 2018, Employee Defendants, with leave from the Court, filed an amended answer and crossclaim ("Crossclaim") against ATG, seeking a declaratory judgment that ATG undertook the responsibility to pay for Employee Defendants' legal fees in this litigation and, as a result, ATG is obligated to continue paying the fees until relieved by the Court. D.E. 190. ATG answered the crossclaim ("Answer") on June 4, 2018. D.E. 197. On June 13, 2018, Employee Defendants moved for summary judgment "pursuant to the New Jersey Supreme Court's decision in *In re Grand Jury*[.]" D.E. 202. ATG opposed this motion, D.E. 214, and Employee Defendants replied, D.E. 224.

On May 7, 2019, the Court held a telephone conference with the parties regarding this pending motion and ordered supplemental briefing on the appropriate procedure to resolve the *In re Grand Jury* issue. D.E. 265. The parties submitted supplemental briefing. D.E. 269; D.E. 270-1; D.E. 274; D.E. 273-1.[3] The Court then held another telephone conference with the parties on July 17, 2019 regarding this pending motion. D.E. 278.

---

[3] The Court grants Employee Defendants' requests at D.E. 270 and D.E. 273 to file overlength supplemental briefs.

3

## II. ANALYSIS

Under Rule 56, a moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)). In other words, a court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the

4

court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

As noted, Employee Defendants moved for summary judgment "pursuant to the New Jersey Supreme Court's decision in *In re Grand Jury*[.]" D.E. 202. In *In re Grand Jury*, the New Jersey Supreme Court stated the following:

> If a third-party payer fails to pay an employee's legal fees and expenses when due, the employee shall have the right, *via a summary action*, for an order to show cause why the third-party payer should not be ordered to pay those fees and expenses.

200 N.J. at 497 (emphasis added).[4] In other words, New Jersey calls for a "summary action" to resolve these types of fee dispute issues. "In the New Jersey courts, certain actions may be processed in a summary manner under N.J. Ct. R. 4:67." *Watson v. Manhattan & Bronx Surface Transit Operating Auth.*, 487 F. Supp. 1273, 1275 (D.N.J. 1980). However, no equivalent procedure exists in federal court. *Id.* (explaining that although New Jersey's summary action "is a highly efficient procedure by which cases involving only minor factual disputes and largely turning on questions of law can be decided promptly," there is "no parallel procedure in the federal

---

[4] *In re Grand Jury* arose in the context of a grand jury investigation, but the New Jersey Supreme Court made clear that it was not limiting its holding to grand jury matters. 200 N.J. at 485 ("Regardless of the setting—whether administrative, criminal or civil, either as part of an investigation, during grand jury proceedings, or before, during and after trial—whether an attorney may be compensated for his services by someone other than his client is governed in large measure by *RPC* 1.8(f) and, to a lesser extent, *RPC* 1.7(a) and *RPC* 5.4(c).").

courts."). Therefore, the Court must evaluate Employee Defendant's motion for summary judgment under Fed. R. Civ. P. 56.

Applying the summary judgment standard, the Court finds that genuine issues of material fact exist thereby preventing entry of summary judgment for Employee Defendants. Employee Defendants argue that ATG "made the commitment to pay the legal fees and costs of its employees" and therefore "the Court should enforce the promise so that this litigation can proceed in compliance with the dictates of *In re Grand Jury*." EE Br. at 13-15. ATG "disputes that it entered into a written or oral agreement where [it] assumed responsibility for [Employee Defendants' legal fees] in connection with the underlying litigation" and therefore a material dispute of fact prevent entry of summary judgment. ER Opp'n at 9-15. The Court agrees.

Before discussing the material facts, however, the Court must first determine whether ATG waived its right to contest the Employee Defendants' facts. Employee Defendants contend that ATG did so because it did not challenge the employees' facts before Magistrate Judge Clark or before Magistrate Judge Mannion. EE Br. at 7-8. Employee Defendants, for example, point to an exchange between ATG's counsel and Judge Mannion during oral argument on November 23, 2015. *Id.* During the argument, ATG's attorney stated, in effect, that counsel was taking the position that he could only dispute the order to show cause on the law not on the facts. November 23, 2015 Tr. at 19-20. ATG's counsel added that he believed that if the parties were to proceed to a summary action, then it would be appropriate to raise factual contentions. *Id.* Based on the record, the Court cannot definitively find that ATG waived its right to challenge the Employee Defendants' factual contentions. ATG's counsel's statements could also be reasonably read to indicate that counsel believed that he would be able to challenge the factual circumstances at a later summary hearing. Moreover, and more importantly, when ATG filed its Answer to the

6

Crossclaim, it denied the pertinent factual allegations. *See* D.E. 197 ¶¶ 23, 33, 37, 38. As a result, the Court finds that ATG has not waived its right to contest the material facts in this motion.

Under *In re Grand Jury*, "[o]nce a third-party payer commits to pay for the representation of another, the third-party payer shall not be relieved of its continuing obligations to pay without leave of court brought on prior written notice to the lawyer and the client." 200 N.J. at 496.[5] Here, several facts support the Employee Defendants' argument that ATG committed to pay for their representation. First, ATG made the initial payments to the Mulcahy firm, D.E. 202-3 at Ex. 19, 20. In fact, it appears that ATG paid Mulcahy $57,500 without requiring any corresponding payment from the Employee Defendants. Second, email correspondence between Mr. Ni, the president and majority shareholder of ATG, and the Employee Defendants indicated some form of commitment. *See* EE SOMF ¶¶ 30-33, 39, 43, 45. Specifically, Mr. Ni stated: (a) "[p]lease don't worry about this lawsuit thing, . . . Mulcahy will have this handled for us, no big deal," *id.* ¶ 30; (b) "[y]ou can get a check from Anna [in ATG's Accounting Department] for the [Mulcahy]

---

[5] *In re Grand Jury* presented a factual scenario different than that of the current matter. There, the employer did not dispute that it had undertaken to pay for its employees' counsel fees in a grand jury investigation. 200 N.J. at 485. Here, as noted above, while ATG admits that it paid a portion of the Employee Defendants' fees, it disputes that it ever undertook the obligation to continue to pay for such fees.

*In re Grand Jury* also set forth six conditions which had to be met before an attorney could accept payment from a third party. *Id.* at 495-96. When Mulcahy LLP undertook its representation of the Employee Defendants, along with ATG, in this matter, at least two of the conditions were not met. Specifically, the condition that ATG could not be in a current attorney-client relationship with Mulcahy and the condition that Mulcahy was prohibited from communicating with ATG as to the substance of the representation, were not followed. However, when Mulcahy undertook representation, it appears that ATG and the Employee Defendants expressly agreed to joint representation and also agreed that they had a common interest. D.E. 201-3 at Exs. 12, 13. Again, this presents a different factual scenario than that addressed by *In re Grand Jury*. Moreover, joint representation, joint defense agreements, and common interest agreements are permitted so long as the representation complies with the relevant law and ethical requirements. The Court does not rule on these issues, but notes them for a full understanding of the facts and circumstances.

retainer," *id.* ¶ 33; (c) "[Mulcahy]'s bill is over $70k now? Please tell him we [ATG] will pay early next month," *id.* ¶ 39; (d) "I have talked to [the other Employee Defendants] over the weekend, I assured them as long as you guys are productive, the lawsuit is nothing, we will fight it," *id.* ¶ 43; and (e) "[Mulcahy] and I will work together on the legal bills as they come," *id.* ¶ 45. Third, ATG's prior counsel informed the Court that the "exhibits produced by the [Employee] Defendants make clear that ATG's gratuitous payment was always connected with the [Employee] Defendants' continued employment with ATG. The [Employee] Defendants no longer work for ATG, and therefore the condition of payment is no longer satisfied." D.E. 112 at 26 (citations omitted). The parties hotly dispute why ATG fired the Employee Defendants. Employee Defendants argue that it was because of the costs of the current suit, while ATG claims it was for unsatisfactory performance. In any event, it is not clear to the Court that *In re Grand Jury* would permit ATG to cease paying legal fees because ATG fired Employee Defendants.[6] In other words, ATG's counsel may have admitted that ATG had undertaken the commitment to pay Employee Defendants' legal fees.

However, there are also material facts suggesting that ATG did not make any such commitment. ATG submitted a certification of Mr. Ni in which he expressly disputes many of the critical factual assertions made by Employee Defendants. D.E. 214-2. Moreover, the retainer that ATG and the Employee Defendants signed with Mulcahy does not expressly indicate that ATG was committing to pay all legal fees. D.E. 201-3 at Exs. 12, 13. In fact, the parties agree that

---

[6] While *In re Grand Jury* arose in the employer-employee context, the opinion was not so limited. Instead, it applied to all third-party payers. Moreover, if ATG is correct (that it could stop payment of legal fees because it fired the Employee Defendants), it would apparently create an unworkable loophole to the basic requirement of *In re Grand Jury*: third-party payers cannot stop paying legal fees without leave of the court.

8

there is no writing in which ATG unequivocally committed to pay the legal fees of Employee Defendants.

For the foregoing reasons, there are genuine issues of material fact as to whether ATG committed to pay the legal fees for Employee Defendants in this matter. As a result, the Court denies Employee Defendants' motion.

The Court also notes that the Employee Defendants, if successful, seek an enhancement (sometimes called a multiplier) on the fee awarded to their counsel. EE Br. at 27-29. Here, as stated, the Court is not granting any fee award at this summary judgment stage. Nonetheless, the Court notes that Employee Defendants have provided no authority for a fee enhancement pursuant to *In re Grand Jury* or its progeny, nor could the Court locate any. As a result, even if Employee Defendants ultimately prevail on the merits, the Court will not grant a fee enhancement.

If this matter were proceeding in state court, the next step would be a plenary hearing pursuant to New Jersey Rule of Court 4:67-5. However, as noted, federal courts do not have a concomitant summary proceeding, the proceeding ordered in *In re Grand Jury*. Yet, New Jersey Rule of Court 4:67-4(b), which applies to summary actions, provides that "[a] defendant entitled to trial by jury shall make demand therefor[.]"[7] Here, ATG reserved its right to a jury trial by demanding such in its Answer to the Crossclaim. D.E. 197 at 19. Thus, it appears that this issue – whether ATG committed to pay the legal fees and expenses of Employee Defendants – must be tried to a jury.

However, because the parties have not adequately addressed the necessity of a jury trial, the Court will grant the parties leave to file a brief as to the issue of whether a jury trial is required.

---

[7] Rule 4:67-4(b) further provides that "[i]f the defendant has a right to and has demanded a trial by jury, the court, upon finding the existence of a genuine issue to a material fact, shall order the action to proceed as in a plenary action in accordance with R. 4:67-5."

9

If the parties do not dispute that a jury trial is required, they should notify the Court in writing. The Court will then enter an order for expedited discovery, if necessary, with an eye towards trying this matter as soon as possible.

## III. CONCLUSION

For the foregoing reasons, Employee Defendants' motion for summary judgment, D.E. 202, is denied. Within fourteen (14) days, the parties may submit a brief regarding their respective positions as to whether a jury trial is required. An appropriate Order accompanies this Opinion.

Dated: July 22, 2019

                                                                                           John Michael Vazquez, U.S.D.J.