**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXLITE, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ATG ELECTRONICS, INC., et al., <br><br> *Defendants*. | Civil Action No. 15-1116 <br><br> **ORDER** |

**John Michael Vazquez, U.S.D.J.**

      This matter comes before the Court by way of Sophia Galleher and Matthew Kim's (collectively, the "Employee Defendants") motion for entry of final judgment pursuant to Fed. R. Civ. P. 54(b). D.E. 523. On December 21, 2022, following a full hearing, the Court issued an Oral Opinion and accompanying Order finding that Defendant ATG Electronics, Inc. "is not responsible for the Employee Defendants' legal fees as a third-party payor pursuant to *In re State Grand Jury Investigation*, 983 A.2d 1097 (N.J. 2009)," and dismissing the Employee Defendants' crossclaim. D.E. 490, 493. The Court granted the Employee Defendants leave to file a motion to amend their crossclaims to assert appropriate contract or quasi-contract claims. *Id.* The Employee Defendants filed a motion to amend their crossclaim, D.E. 500, but now request that their motion to amend be terminated and that the Court's December 21, 2022 Order dismissing the Employee Defendants' crossclaim be entered as final judgment pursuant to Fed. R. Civ. P. 54(b). D.E. 523, 524. The Court held a telephone conference with all parties on March 16, 2023, and no party

objected to the Court granting the motion. D.E. 526. Thereafter, the Employee Defendants confirmed that they wished to stand by the present motion. D.E. 534; and it

**APPEARING** that Fed. R. Civ. P. 54(b) provides that

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b); and it further

**APPEARING** that pursuant to this rule, an order which terminates fewer than all claims "may be final and immediately appealable under § 1291 when the district court makes an express determination that there is no just cause for delay and expressly directs entry of final judgment." *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999), *cert. denied*, 528 U.S. 1005 (1999); and it further

**APPEARING** that in making determinations under Rule 54(b)

> A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); and it further

**APPEARING** that in in determining whether there is "just reason for delay" under Rule 54(b), the Third Circuit has instructed district courts to consider the following:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or

>counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (citation omitted); and it further

**APPEARING** that the Court's December 21 Order, D.E. 490, is an ultimate disposition of the Employee Defendants' crossclaim, which was dismissed in its entirety, unless the Employee Defendants' amend such crossclaim; and it further

**APPEARING** that the Employee Defendants have asked that their motion to amend the crossclaim be terminated in connection with the decision on the pending motion; and it further

**APPEARING** that the Employee Defendants' crossclaim for attorneys' fees is separate and distinct, both factually and legally, from the remaining claims; and it further

**APPEARING** that there is no risk that future developments in this case might moot any review of the Court's December 21 Order; and it further

**APPEARING** that there is no risk that if the Court's December 21 Order is appealed, a reviewing court would be obliged to consider the same issue twice; and it further

**APPEARING** that there is no just cause for delay of final judgment on the Employee Defendants' crossclaim; and it further

**APPEARING** that at the telephone conference on March 16, 2023, no party objected to the entry of final judgment and dismissal of the Employee Defendants' crossclaim.

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 22nd day of March 2023,

**ORDERED** that the Employee Defendants' motion to amend their crossclaim, D.E. 500, is terminated; and it is further

**ORDERED** that the Employee Defendants' crossclaim is **DISMISSED with prejudice**; and it further

**ORDERED** that the Court's December 21, 2022 Order, D.E. 490, shall be considered final judgment on the Employee Defendants' sole crossclaim.

                                                                             _____

                                                                             John Michael Vazquez, U.S.D.J.